HOBSON CONSTRUCTION COMPANY, INC. v. HOLIDAY INNS, INC.

No. 7228DC269

(Filed 24 May 1972)

1. Negligence § 2— performance of a contract

An omission to perform a contractual obligation is not a tort unless such omission is also the omission of a legal duty.

2. Negligence § 2— performance of contract — insufficiency of evidence of negligence

Plaintiff's evidence was insufficient to show actionable negligence on the part of defendant in the performance of a contract with a third party where it tended to show that defendant had a contract with a motel to construct a gravity sewer line on the motel's property, that plaintiff had a separate contract with the motel to construct a sewage lift station which would connect with the sewer line constructed by defendant, that defendant did not locate the end of the sewer line at the place and elevation called for in the plans, that the difference in elevation between the sewer line and the lift station prevented their connection in a manner that would allow the gravity sewer line to operate properly, that defendant failed to correct the defects after notice of them, and that plaintiff incurred additional expense in rerouting the sewer line as authorized by the motel's engineer, defendant's duty to plaintiff, arising indirectly out of the contract, being only to keep the premises under its control in a safe condition.

APPEAL by plaintiff from *Allen, District Judge*, 18 October 1971 Non-Jury Civil Session of District Court held in BUNCOMBE County.

Plaintiff and defendant each had a separate contract with West Side Motels, Inc. (hereinafter called Motel) to construct certain improvements on Motel's property. Defendant's con-

tract called for the construction of a gravity sewer line consisting of some 455 feet of eight inch clay pipe. This sewer line was to begin at a manhole on the east side of Motel's property and run in a westerly direction for 355 feet to another manhole. From this manhole the sewer line ran 100 feet in a northwesterly direction. In order for the sewer line to operate properly, the construction plans call for the beginning of the pipe to be at a certain elevation and for the end to be at a specified elevation approximately two feet lower than the beginning. The plans call for this decrease in elevation to be carried out at a constant rate of approximately five inches per 100 feet.

Plaintiff's contract called for the construction of a lift station to receive the sewage and pump it to a pre-existing receiving sewer. Defendant's contract called for his pipeline to end 18 feet from where the lift station would be located and, upon completion of the lift station, plaintiff would connect the two by installing an 18 foot section of eight inch cast iron pipe. At the time plaintiff began work defendant had completed construction of the sewer line. When plaintiff attempted to locate the end of defendant's pipe in order to connect it with the lift station he discovered that the pipe was not where the plans specified that it should be. Instead of being 18 feet from the lift station, plaintiff located the end of the pipe 45 feet from the lift station and 2.28 feet below the elevation called for in the plans. The difference in elevation between the lift station and the sewer line prevented their being joined in a manner which would allow for the proper operation of the gravity sewer line.

According to plaintiff's evidence, he informed defendant of the error in construction of the sewer line but defendant never made any effort to correct the defects. Robert Turner, engineer for Motel who had prepared the plans, was informed of the problem by plaintiff. Shortly thereafter Turner prepared a change order rerouting the sewer line and authorizing plaintiff to carry out the new plan. Plaintiff completed work on the project and, according to his records incurred additional expenses in the amount of $1,981.43 in relocating the sewer line.

Plaintiff instituted this action to recover $1,981.43, plus interest, alleging that this amount represents the damages he

incurred due to defendant's negligence in laying the sewer line. At the close of plaintiff's evidence defendant moved for a directed verdict pursuant to Rule 50, North Carolina Rules of Civil Procedure, for the reason that plaintiff had failed to establish actionable negligence on the part of the defendant. The trial court granted the motion and plaintiff appealed.

*Uzzell and DuMont by William E. Greene for plaintiff appellant.*

*Clarence N. Gilbert for defendant appellee.*

VAUGHN, Judge.

[1, 2]   Plaintiff contends that the trial court erred in granting defendant's motion for a directed verdict in that the evidence presented was sufficient to show actionable negligence on the part of defendant resulting in damage to the plaintiff. The following language appears in 57 Am. Jur. 2d, Negligence § 32, p. 378:

> "The primary wrong upon which a cause of action for negligence is based consists in the breach of a duty on the part of one person to protect another against injury, the proximate result of which is an injury to the person to whom the duty is owed. These elements of duty, breach, and injury are essentials of actionable negligence. In the absence of any one of them, no cause of action for negligence will lie."

See also, *Mercer v. R.R.*, 154 N.C. 399, 70 S.E. 742. Our Supreme Court has stated that " . . . an omission to perform a contractual obligation is never a tort unless such omission is also the omission of a legal duty." *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82; see also, *Toone v. Adams*, 262 N.C. 403, 137 S.E. 2d 132; *Council v. Dickerson's, Inc.*, 233 N.C. 472, 64 S.E. 2d 551. In the instant case, plaintiff and defendant each had a separate and distinct contract with West Side Motel, Inc. There was no contract between plaintiff and defendant, nor can plaintiff assume the status of third party beneficiary to the contract between defendant and West Side. Any duty arising directly out of the contract was owed by defendant to West Side. The duty owed by defendant to plaintiff, arising indirectly out of the contract, was the same duty owed by defendant to all others in the area

of construction, that is, to use due care to keep the premises under his control in a safe condition. *Maness v. Construction Co.*, 10 N.C. App. 592, 179 S.E. 2d 816. The cases cited by plaintiff in support of his contention that defendant's duty was greater than is stated above are readily distinguishable from the case at hand. Under the circumstances of this case, plaintiff's evidence is insufficient to support an action for negligence, and the trial court's judgment allowing defendant's motion for a directed verdict was free from prejudicial error.

Plaintiff further contends that the trial court erred in granting defendant's motion for a directed verdict made pursuant to Rule 50, North Carolina Rules of Civil Procedure, in that the proper motion to challenge the sufficiency of plaintiff's evidence in a non-jury trial is made pursuant to Rule 41(b). Even though defendant's motion was incorrectly designated, the court, in granting the motion, complied with the provisions set forth in Rule 52(a). *Bryant v. Kelly*, 10 N.C. App. 208, 178 S.E. 2d 113 (Reversed and remanded on other grounds in 279 N.C. 123, 181 S.E. 2d 438). The trial court's findings of fact, made in compliance with Rule 52(a), were amply supported by the evidence.

Affirmed.

Judges BROCK and HEDRICK concur.