NORTH CAROLINA STATE PORTS AUTHORITY, AN AGENCY OF THE
STATE OF NORTH CAROLINA V. LLOYD A. FRY ROOFING COM-
PANY, A CORPORATION, UNITED PACIFIC INSURANCE COM-
PANY, A CORPORATION, DICKERSON, INC., A CORPORATION, AND
E. L. SCOTT ROOFING COMPANY, A CORPORATION

No. 763SC662

(Filed 2 March 1977)

**1. Limitation of Actions § 4— six year limitation — plaintiff in posses-
sion of property**

The six year statute of limitations of G.S. 1-50(5) did not apply
to an action for the negligent installation of roofs on a transit shed
and warehouse where the transit shed and warehouse were only addi-
tions to plaintiff's existing facilities and plaintiff was at all times
in possession of the buildings during construction by defendants.

**2. Limitation of Actions § 4— hidden defects — extension of limitation
period — contract actions**

The statute extending the time of accrual of a cause of action
based on a hidden bodily injury or a hidden defect in or damage to
property, G.S. 1-15(b), does not apply to contract actions but applies
only to tort actions.

**3. Negligence § 2— negligent performance of contract**

Negligent performance of a contract may constitute a tort as well
as a breach of contract.

**4. Negligence § 22— negligent installation of roofs — statement of claim
in tort**

Plaintiff's complaint stated claims for relief in tort against a
general contractor and a roofing subcontractor based on the subcon-
tractor's use of damaged materials in roofs for buildings constructed
for plaintiff and the general contractor's failure to inspect and dis-
cover the defective materials.

**5. Limitation of Actions § 4— negligent installation of roofs — action
against subcontractor barred**

Plaintiff's claim against a roofing subcontractor for damages al-
legedly caused by the negligent installation of roofing materials accrued
when the roofing work was performed in the summer of 1967, and an
action brought in 1973 was barred by the three-year statute of limita-
tions.

**6. Limitation of Actions § 4— action against contractor — hidden de-
fects — effect of statute extending limitation period**

The trial court erred in dismissing plaintiff's claim against a
general contractor for the negligent installation of roofs on buildings
constructed for plaintiff on the ground the claim was barred by the
three-year statute of limitations where it appears from plaintiff's
complaint that defendant's work on the buildings was completed some-

Ports Authority v. Roofing Co.

time in the summer of 1968, but it does not appear whether plaintiff's claim was barred before the enactment of G.S. 1-15(b), which extended the time of accrual of an action based on a hidden defect, or whether enactment of the statute extended the time for plaintiff's claim.

**7. Negligence § 24— pleading wrong measure of damages**

Plaintiff's complaint against a contractor for the negligent installation of a roof did not fail to state a claim in tort because the measure of damages alleged in the complaint was not the tort standard of loss in fair market value but was the contract standard of cost of repairs.

APPEAL by plaintiff from *Rouse, Judge*. Judgment entered 1 July 1976 in Superior Court, CARTERET County. Heard in the Court of Appeals 19 January 1977.

Plaintiff (the Ports Authority) filed a complaint on 7 August 1973 and alleged that during the summer of 1967 it contracted with defendant Dickerson to build a transit shed and warehouse in Morehead City. Dickerson, a general contractor, subcontracted with E. L. Scott Roofing Company (Scott) to construct the roofs. Scott purchased materials, began work in the summer of 1967, and the buildings were completed and occupied in the summer of 1968.

In April 1972 the roofs were leaking and an investigation revealed that the roofing material had blistered and bubbled. The Ports Authority had to remove much of the material stored in the buildings. It alleged that the damage to the roofs was caused by the negligent installation of the roofs by defendants, Dickerson and Scott. It also sought to recover from Dickerson for breach of the building contract.

Defendants answered and pled the three year statute of limitations, among other defenses, and moved to dismiss [Rule 12(b)(6)] for failure to state a claim upon which relief could be granted. The action was dismissed as to Dickerson and Scott. The Court found that plaintiff's claim accrued during the summer of 1967 and was barred "by the Statute of Limitations as set forth in G.S. 1-52(1) and (5)." The Ports Authority appeals.

*Attorney General Edmisten, by Special Deputy Attorney General Edwin M. Speas, Jr., and Associate Attorney George J. Oliver, for plaintiff appellant, the State.*

*Dawkins and Glass, by W. David Lee, and White, Allen, Hooten & Hines, P.A., by Thomas J. White III, for defendant appellees.*

ARNOLD, Judge.

Error is assigned to the granting of defendants' motion to dismiss under Rule 12(b)(6). Plaintiff contends that the court "misapplied and misconstrued" the law on the statutes of limitation. Several arguments are presented by plaintiff in support of its position.

First, plaintiff argues that the proper statute of limitations is ten years [G.S. 1-47(2)] because the construction contract bears Dickerson's corporate seal and the contract is therefore a sealed instrument. This question cannot be considered, however, since that contract is not part of the record before this Court, and the complaint contains no allegation that the contract is a sealed instrument.

[1] Second, it is argued by the Ports Authority that the six year statute of limitations, G.S. 1-50(5), applies. This argument is also incorrect. Plaintiff was at all times in possession of the buildings during the construction by defendants. The transit shed and warehouse were only additions to plaintiff's facilities in Morehead City. G.S. 1-50(5) contains this proviso:

> "This limitation shall not apply to any person in actual possession and control as owner . . . of the improvements at the time the defective and unsafe condition of the improvement constitutes the proximate cause of the injury. . . ."

G.S. 1-50(5) does not apply. *See Sellers v. Refrigerators, Inc.,* 283 N.C. 79, 194 S.E. 2d 817 (1973).

In its third argument plaintiff contends that even if the three year statute of limitations is controlling, nevertheless its claim is not barred. This argument is tenable.

Plaintiff alleges an action in tort against Scott and Dickerson. It also alleges a breach of contract as against Dickerson. From the complaint it appears that the claim in contract arose

in the summer of 1968 when plaintiff occupied the two build-
ings in question. Nothing else appearing, the time of occupa-
tion must have been when the contract was completed, and this
is when the breach of contract occurred. Again, judging from
the complaint, any claim in tort also arose during the summer
of 1968, since *a claim for negligent construction of a building
ordinarily arises when the general contractor delivers the build-
ing. Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1 (1965) ; *see
also: Sellers v. Refrigerators, Inc., supra.*

G.S. 1-15(b) provides:

> "Except where otherwise provided by statute, a cause of
> action, other than one for wrongful death, having as an
> essential element bodily injury to the person or a defect
> in or damage to property which originated under circum-
> stances making the injury, defect or damage not readily
> apparent to the claimant at the time of its origin, is deemed
> to have accrued at the time the injury was discovered
> by the claimant, or ought reasonably to have been discov-
> ered by him, whichever event first occurs; provided that
> in such cases the period shall not exceed 10 years from the
> last act of the defendant giving rise to the claim for re-
> lief."

This statute supersedes the common law rule that a claim arises,
and the statute of limitations begins to run, as soon as the in-
jured party's rights are violated. *See also* G.S. 1-15(a). Thus,
under our former law, a cause of action could be barred before
the aggrieved plaintiff discovered his plight, where there existed
a hidden or unknown defect or injury.

[2] Though only a few reported cases have involved G.S.
1-15(b), most of those cases arose in tort. We find no authority
to suggest that the statute applies to contracts. *See, e.g., Sellers
v. Refrigerators, Inc., supra,* and *Raftery v. Construction Co.,*
291 N.C. 180, 230 S.E. 2d 405 (1976). *Also, Williams v. GMC,*
393 F. Supp. 387 (M.D. N.C., 1975). We conclude that the stat-
ute does not extend the statute of limitations in contract actions.
The statute only applies where a hidden bodily injury or a hid-
den defect in or damage to property is an "essential element"
of the cause of action. Such an injury, defect or damage might
be material in an action for breach of contract, but it would
not be an "essential element." Bodily injury, damage to and
defects in property are, however, "essential elements" in many

tort actions. *See, Construction Co. v. Holiday Inns,* 14 N.C. App. 475, 477, 188 S.E. 2d 617 (1972). (The products liability action for breach of warranty is controlled by a separate statute of limitations, G.S. 25-2-725.)

The court properly dismissed the third cause of action alleged by plaintiff in the amended complaint. This cause of action was in contract and is barred because it was not timely filed.

[3]     Plaintiff's second cause of action, alleged against both defendants, purports to arise in tort out of the negligent failure to construct the roofs properly. Defendants contend that the only cause of action against them lies in contract (1) because the only duty they owed plaintiff was the duty defined by contract; (2) because the only allegation of physical injury to plaintiff concerned the roofs which were the subject of the contract; and (3) because the measure of damages for injuries to the roofs, as alleged in the complaint, is not the accepted tort standard of loss in the fair market value but instead the contract standard of cost of repairs. We disagree. "Negligent performance of a contract may constitute a tort as well as a breach of contract, the theory being that accompanying every contract is a common-law duty to perform with ordinary care the thing agreed to be done." *Sims v. Mobile Homes,* 27 N.C. App. 25, 28, 217 S.E. 2d 737 (1975).

Legal writers have defined a tort as a wrong unconnected with a contract. *See,* 2 Harper and James, The Law of Torts, § 18.6, p. 1049 (1956) ; 1 Cooley on Torts, § 60, p. 169 (4th ed., 1932) ; Bishop on Non-Contract Law, § 73 (1889). Without attempting a better definition, we agree with Dean William L. Prosser that this one is unsatisfactory and leads to confusion. Prosser on Torts, § 1 (4th ed., 1971). Actually, claims for tort and breach of contract can and do sometimes arise out of the same facts. The only restriction is against double recovery for the same injury. *Williamson v. Dickens,* 27 N.C. 259 (1844).

The relationship between tort and breach of contract is frequently stated in this way: The breach of a contract is never a tort unless it is also the breach of a common-law duty. *Insurance Co. v. Sprinkler Co.,* 266 N.C. 134, 146 S.E. 2d 53 (1966) ; *Toone v. Adams,* 262 N.C. 403, 407, 137 S.E. 2d 132 (1964) ; *Pinnix v. Toomey,* 242 N.C. 358, 87 S.E. 2d 893 (1955) ; *Council v. Dickerson's, Inc.,* 233 N.C. 472, 64 S.E. 2d 551 (1951) ; *Sims*

*v. Mobile Homes, supra;* 1 Cooley on Torts, *supra;* Bishop on Non-Contract Law, § 76 (1889). Special duties sometimes arise as a matter of law between parties to certain contracts because of the historical evolution of the common law writs of case and assumpsit. These special duties attend contracts for bailment, common carriage of freight and passengers, and other such public undertakings. See, e.g., *Insurance Assoc. v. Parker,* 234 N.C. 20, 65 S.E. 2d 341 (1951) (bailment) ; *Pace Mule Co. v. Seaboard Air Line Ry. Co.,* 160 N.C. 215, 76 S.E. 513 (1912) (common carrier) ; Prosser, The Borderland of Tort and Contract, in Selected Topics on the Law of Torts, 380 (1954) ; Cooley on Torts, *supra.* However, there is no need to dwell on these examples, since the allegation contained in the Ports Authority's complaint is of negligence. Negligence is the tortious breach of the ordinary duty of due care, and this duty may arise as a consequence of contractual relationships. *Jewell v. Price, supra; Insurance Co. v. Sprinkler Co., supra; Toone v. Adams, supra; Pinnix v. Toomey, supra; Council v. Dickerson's, Inc., supra; Sims v. Mobile Homes, supra.*

It was said in *Flint & Walling Mfg. Co. v. Beckett,* 167 Ind. 491, 79 N.E. 503 (1906) :

> "If a defendant may be held liable for the neglect of a duty imposed on him, independently of any contract, by operation of law, *a fortiori* ought he to be liable where he has come under an obligation to use care as the result of an undertaking founded on a consideration." *Id.* at 498.

In *Pinnix v. Toomey, supra,* a building contractor and a plumbing contractor separately contracted to construct parts of a building. The plumber negligently flooded the basement, causing the building contractor's half-finished wall to collapse. The building contractor sued in tort. He alleged the contract between the plumber and the buyer and, in addition, the specifications contained therein. His purpose was to show negligence by showing violation of the specifications. The plumbing contractor moved to strike both the contract and the specifications from the complaint. Our Supreme Court held that the specifications ought to be stricken but that the fact of the contract ought to remain. The court said:

> ". . . Moreover, while [the] duty of care, as an essential element of actionable negligence, arises by operation of law, it may and frequently does arise out of a contractual

relationship, the theory being that accompanying every contract is a common law duty to perform with ordinary care the thing agreed to be done, and that a negligent performance constitutes a tort as well as a breach of contract. But it must be kept in mind that the contract creates only the relation out of which arises the common law duty to exercise ordinary care. Thus in legal contemplation the contract merely creates the state of things which furnishes the occasion for the tort. . . . " *Id.* at 362.

The case of *Council v. Dickerson's, Inc., supra,* is similar. There a highway paving contract placed the contractor and a passing motorist in a relationship which gave rise to a duty of due care. And, in the case of *Gorrell v. Water Supply Co.,* 124 N.C. 328, 32 S.E. 720 (1899), a resident of Greensboro successfully sued the municipal water supplier in tort, because the water company negligently failed to maintain the water pressure required to fight fires, as stipulated in the water company's contract with the city.

It is possible that a cause of action in tort, arising on facts which also constitute a breach of contract, exists against both Dickerson, which was in privity with the plaintiff, and Scott, though it was not in privity. The elements of this particular tort are (1) a duty of reasonable care owed by one person to another and (2) the breach of that duty, (3) which is the proximate cause (4) of harm to the person to whom the duty is owed. *Pace Mule Co. v. Seaboard Air Line Ry. Co., supra;* Prosser on Torts, *supra* § 30.

[4] Taking these elements in order, first, there was a duty of due care owed by both defendants to the Ports Authority. Second, the facts alleged amount to a breach of that duty. A breach of contract does not always amount to a breach of tort duty. Pure non-feasance, i.e., failure to begin performance, is usually not a tort. Prosser, The Borderland of Tort and Contract, *supra.* But in this case there is alleged misfeasance, an action taken without proper care. It is alleged that Dickerson and Scott were responsible for using damaged materials in construction of the roofs. Scott used the material and Dickerson permitted it. While Dickerson's alleged failure to inspect and discover the problem was an omission, it may nonetheless constitute a breach of duty. In *Insurance Co. v. Sprinkler Co., supra,* there was a breach when the contractor failed to dis-

cover and correct a flaw in the sprinkler system. Also, in *Council v. Dickerson's, Inc., supra,* there was a breach of duty when the contractor failed to post adequate warnings.

The elements of proximate cause and harm are also satisfied. There is a causal connection, which is reasonable, natural and probable, between the breach of due care, i.e., the negligent installation of roofing materials, and the tortious injury, a leaking roof.

[5] Plaintiff has stated a claim for relief in tort, but with respect to Scott, the subcontractor, the claim is barred. The alleged tortious act by Scott was the negligent installation of the roofing materials. As soon as Scott negligently performed plaintiff had a right to bring suit. Therefore, plaintiff's claim accrued, according to its complaint, in the summer of 1967 when it is alleged that Scott performed the roofing work. A cause of action accrues, in general, and starts the statute of limitations, as soon as the right to bring suit arises. *See Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508 (1957). Plaintiff was barred, as against Scott, by the statute of limitations, in the summer of 1970.

[6] However, in this case in order to tell whether plaintiff is barred as against defendant Dickerson, by the statute of limitations, it must be determined from plaintiff's pleadings when the cause of action accrued. From those pleadings it appears that plaintiff occupied the buildings when they were completed sometime during the summer of 1968. The statute of limitations ordinarily would have run sometime during the summer of 1971. It was on 21 July 1971 that the General Assembly enacted G.S. 1-15(b) as previously discussed. Thus, it does not appear whether plaintiff's claim was barred before the enactment of G.S. 1-15(b) or whether the enactment of G.S. 1-15(b) extended the time for plaintiff's claim. The order dismissing plaintiff's claim against Dickerson under Rule 12(b)(6) must be reversed.

[7] The argument by defendants that plaintiff failed to state a claim in tort because it pled the wrong measure of damages, the cost of repairs to the roofs instead of the reduction in fair market value, cannot be maintained. G.S. 1A-1, Rule 8(a)(2) only requires that the complaint include: "A demand for judgment for the relief to which he deems himself entitled." The Ports Authority deems itself entitled to money damages, and

money damages are appropriate. In addition, Rule 8(a) (2) permits the pleading of alternative theories of relief, and plaintiff includes a prayer for all relief which is appropriate and just, which would support an award of money damages. Moreover, it is not a crucial error to demand the wrong relief. Rule 54(c) provides that "every final judgment shall grant the relief to which the party . . . is entitled, even if the party has not demanded such relief in his pleadings."

The order dismissing plaintiff's action against Scott is affirmed. The order dismissing plaintiff's action against Dickerson is reversed.

Affirmed in part.

Reversed in part.

Judges PARKER and MARTIN concur.