NORTH CAROLINA NATIONAL BANK v. WILLIAM CARTER AND WIFE, SARAH A. CARTER

No. 8320SC1215

(Filed 6 November 1984)

1. **Unfair Competition § 1; Rules of Civil Procedure § 54— denial of treble damages and attorney's fees—theory not raised in pleadings or during trial— proper**
    The trial court did not err by denying defendants' motion for treble damages and attorney's fees, made after the return of a favorable verdict on

their counterclaim for fraudulent misrepresentation, because neither the pleadings nor the evidence suggested that defendants were proceeding on an unfair or deceptive trade practice claim, defendants tried their case without reference to or reliance upon G.S. 75-1.1 *et seq.*, and plaintiff defended its case solely on common law fraud. Moreover, the specific finding of willfulness or unwarranted refusal to settle required for award of attorney's fees was not present. G.S. 1A-1, Rule 54(c).

**2. Fraud § 12— real property—fraudulent misrepresentation—evidence sufficient**

On a counterclaim for fraudulent misrepresentation in the sale of real property, the evidence was sufficient to withstand motions for a directed verdict, judgment n.o.v., and a new trial where it tended to show that the defendants learned of the property from one of plaintiff's officers; that the officer showed one of defendants the property twice; that the boundaries were pointed out and the defendant was told that the property contained a modular home, a well, and a septic tank; that the defendant could see that the boundaries contained the house, well, and septic tank without walking the land; and that plaintiff's officer was in a superior position to know the material facts and made representations either with knowledge of their falsity or in culpable ignorance of their truth with the expectation that they would be relied and acted upon.

**3. Limitation of Actions § 8.2— fraud—sufficient notice of facts—jury question**

The question of whether defendants' claim of fraudulent misrepresentation was barred by the statute of limitations was properly submitted to the jury, and the jury decision was not reversed on appeal, where the record showed that defendants had a long and satisfactory business relationship with plaintiff; that defendants had sufficient confidence in plaintiff to believe representations by its officers; that this purchase was not sufficiently different from previous transactions to put defendants on notice that further inquiry was needed; that there were no occurrences subsequent to the purchase to cause defendants to suspect fraud; and that defendants did not become aware of the facts until the property was surveyed, within the limitation period. G.S. 1-52.

APPEAL by plaintiff and defendants from *Helms, Judge.* Judgment entered 13 July 1984 in Superior Court, UNION County. Heard in the Court of Appeals 19 September 1984.

Plaintiff, North Carolina National Bank (hereinafter NCNB) brought this action seeking to recover a deficiency resulting from the foreclosure and sale of property secured by a deed of trust given by defendants William and Sarah A. Carter, to NCNB in 1980. Defendants answered and counterclaimed for damages as a result of fraudulent misrepresentation.

At trial, defendants stipulated to the entry of judgment against them on NCNB's claim for a deficiency. Defendants' claim

for fraudulent misrepresentation was tried before a jury. The evidence adduced at trial tended to show that at the time of the transaction of which they complain, defendants were engaged in the business of real estate development and rentals. NCNB was familiar with defendants' business and it handled most of defendants' banking needs. William Carter learned about the house and lot for sale from Ray Petty, manager of the consumer loan department at NCNB. William Carter was shown the property on two separate occasions by Petty. Although the boundary lines were pointed out to Mr. Carter, he and Petty did not walk the boundaries. The modular home, well and septic tank were represented to him by Petty to be on the property.

After seeing the property, Mr. Carter offered $10,000 for it. This offer was accepted and following the purchase, defendants rented the property to a third party.

Thereafter, defendants entered an oral contract to sell the property but NCNB refused to finance the sale. M & J Finance Corporation agreed to finance the sale but required that a survey be done. The survey, completed 12 February 1981, showed that the well, septic tank, and most of the house were not on the property purchased by the defendants.

At the close of the defendants' evidence and again at the close of all the evidence, NCNB moved for and was denied a directed verdict. The following issues were submitted to and answered by the jury:

1. Did the plaintiff fraudulently represent to the defendant that a house, well and septic tank were located on the lot purchased by the defendant from the plaintiff?

Answer: Yes.

2. What amount of damages, if any, is the defendant entitled to recover from the plaintiff?

Answer: $6,000.00.

3. Was the counterclaim of the defendant commenced within 3 years from the date the defendant discovered the facts constituting fraud or within 3 years from the time a

reasonable person would be put on notice of the facts constituting fraud?

Answer: Yes.

Following the jury verdict, and before entry of judgment, both parties made post-verdict motions. From the denial of their motion to treble the damages for attorney's fees, defendants appealed. NCNB appealed from the denial of their motions for a directed verdict, judgment notwithstanding the verdict, or a new trial.

*Dawkins, Glass & Lee, P.A., by W. David Lee for plaintiff appellant and appellee.*

*Ronald Williams, P.A., by Ronald Williams for defendant appellants and appellees.*

WEBB, Judge.

[1] In their sole assignment of error, defendants contend that the trial court erred in denying their post-verdict motion for treble damages and attorney's fees pursuant to G.S. 75-16 and G.S. 75-16.1. They contend that Rule 54(c) of the Rules of Civil Procedure permits the court to grant them such relief as they are entitled even though it was not previously demanded.

Rule 54(c) in pertinent part provides:

[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

When read in a manner consistent with the other Rules of Civil Procedure, with their focus on notice, claims, and counterclaims, Rule 54(c) enjoys an important, though limited role. Indeed, it is well-settled that adherence to the particular legal theories that are suggested by the pleadings is subordinate to the court's duty to grant the relief to which the prevailing party is entitled. *Nugent v. Beckham*, 37 N.C. App. 557, 561, 246 S.E. 2d 541, 545 (1978). *Ports Authority v. Roofing Co.*, 32 N.C. App. 400, 408, 232 S.E. 2d 846, 852 (1977). It is equally well-settled, however, that the relief granted must be consistent with the claims pleaded and embraced within the issues determined at trial, which pre-

sumably the opposing party had the opportunity to challenge. *Allison v. Allison*, 51 N.C. App. 622, 625, 277 S.E. 2d 551, 554 (1981); *Harris v. Ashley*, 38 N.C. App. 494, 498, 248 S.E. 2d 393, 396 (1978). Simply put, the scope of a lawsuit is measured by the allegations of the pleadings and the evidence before the court and not by what is demanded. Hence, relief under Rule 54(c) is always proper when it does not operate to the substantial prejudice of the opposing party. *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F. 2d 712, 716-17 (4th Cir. 1983). Such relief should, therefore, be denied when the relief demanded was not suggested or illuminated by the pleadings nor justified by the evidence adduced at trial.

In the present case, neither the pleadings nor the evidence adduced at trial suggested that the defendants were proceeding on an unfair and deceptive trade practice claim. Defendants tried their case without reference to or reliance upon G.S. 75-1.1 *et seq.* Similarly, NCNB defended its case solely as a defense to common law fraud, and it did not litigate or assert any defenses to an unfair and deceptive trade practice claim. To permit defendants to change legal theories after the trial and verdict would not only deprive NCNB of a jury determination on that claim, but would subject NCNB to liability on a claim which it had no opportunity to evaluate or defend. Unquestionably, proof of fraud necessarily constitutes a violation of G.S. 75-1.1, and under ordinary circumstances defendants would be entitled automatically to treble the damages fixed by the jury. G.S. 75-16; *Marshall v. Miller*, 302 N.C. 539, 547, 276 S.E. 2d 397, 402 (1981); *Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E. 2d 342, 346 (1975). However, fundamental fairness and due process required that NCNB be "illuminate[d] as to the substantive theory under which [defendants were] proceeding and to the possibility of the extraordinary relief sought prior to defendant's post-verdict motion for treble damages." *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, supra at 717.

Similarly, defendants' request for attorney's fees was also properly denied. Under G.S. 75-16.1, attorney's fees may only be awarded upon a specific finding by the trial judge "that the party charged with the violation . . . willfully engaged in the act or practice, and there was an unwarranted refusal by such party to pay the claim which constitutes the basis of such suit." *Marshall v. Miller*, supra, at 549, 276 S.E. 2d at 404. Here, there was no

finding by the trial judge that NCNB willfully violated G.S. 75-1.1 or that NCNB's refusal to settle defendants' claim was unwarranted, proof of which were conditions precedent to the recovery of attorney's fees under G.S. 75-16.1. *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc., supra,* at 716, n. 4. Accordingly, we conclude defendants' post-verdict motion was properly denied and that Rule 54(c) did not permit an award of treble damages and attorney's fees to defendants.

[2]   We next consider NCNB's claims on its cross-appeal. NCNB first contends that the trial court erred in denying its motions for a directed verdict at the close of all the evidence, for a judgment notwithstanding the verdict and alternatively, for a new trial. Each of these motions presents the question of whether the evidence was sufficient to go to the jury. *Bank v. Burnette,* 297 N.C. 524, 256 S.E. 2d 388 (1979); *Morrison v. Kiwanis Club,* 52 N.C. App. 454, 279 S.E. 2d 96, *cert. denied,* 304 N.C. 196, 285 S.E. 2d 100 (1981). The evidence, viewed in the light most favorable to defendants, tended to show that defendant Carter learned of the property from Petty. He was shown the property by Petty on two separate occasions. The boundaries were pointed out to him, and he was told specifically that the property contained a modular home, a well, and a septic tank. He did not walk the land to inspect the boundaries, but from the point which the property was shown, Carter could see that the home, well, and septic tank were within the alleged boundaries. Generally, the buyer is under no duty to have an accurate survey of the boundaries done, and he has the right to rely on the boundary representations made by the seller when the seller purports to know them. *Kleinfelter v. Developers, Inc.,* 44 N.C. App. 561, 564, 261 S.E. 2d 498, 500 (1980). Here, the NCNB officer was in a superior position to know the material facts and he made the representations either with the knowledge of their falsity or in culpable ignorance of their truth, expecting Carter to rely and act thereon, which he did. One to whom a positive and definite representation has been made is entitled to rely on such representation if the representation is of a character to induce action by a person of ordinary prudence, and is reasonably relied upon. *Kleinfelter v. Developers, Inc., supra,* at 565, 261 S.E. 2d at 500; *Keith v. Wilder,* 241 N.C. 672, 675, 86 S.E. 2d 444, 447 (1955). Whether Carter's reliance on NCNB's representations was reasonable was a question properly

submitted to the jury. *Vickery v. Construction Co.*, 47 N.C. App. 98, 102, 266 S.E. 2d 711, 714, *pet. for disc. review denied*, 301 N.C. 106, --- S.E. 2d --- (1980). We conclude that there was sufficient evidence of NCNB's fraudulent misrepresentation to withstand the motions for a directed verdict and a judgment notwithstanding the verdict. Therefore, the trial court did not err in denying NCNB's motions for a directed verdict, judgment notwithstanding the verdict, and a new trial.

[3]   We find no merit in NCNB's final contention that defendants' claim is barred by the statute of limitations. G.S. 1-52 provides that the statute of limitations for a cause of action based on fraud is three years. The cause of action accrues upon discovery of the fraud or from the time it should have been discovered. G.S. 1-52(9). *Feibus & Co. v. Construction Co.*, 301 N.C. 294, 304, 271 S.E. 2d 385, 391 (1980), *rehearing denied*, 301 N.C. 727, 274 S.E. 2d 228 (1981). Whether a plaintiff should have discovered the facts constituting fraud more than three years prior to the institution of the action ordinarily is a question for the jury. *Johnson v. Insurance Co.*, 44 N.C. App. 210, 222, 261 S.E. 2d 135, 144 (1979), *rev'd on other grounds*, 300 N.C. 247, 266 S.E. 2d 610 (1980); *Little v. Rose*, 285 N.C. 724, 727, 208 S.E. 2d 666, 668 (1974). The record reveals that defendant Carter had a long and satisfactory business relationship with NCNB, and that he had sufficient confidence in NCNB to believe the representations made by its bank officers. There is no evidence that this purchase was sufficiently different from their previous transactions so as to place defendant Carter on notice that further inquiry was required. Indeed, there were no occurrences or events subsequent to the purchase that would have reasonably caused defendant Carter to suspect the existence of fraud. All the evidence tended to show that Carter did not become aware of the true facts until 12 February 1981 when the property was surveyed. Therefore, the question of whether defendant Carter in the exercise of due diligence, should have discovered the fraud during the limitations period was properly submitted to the jury, and the jury determined the issue adversely to NCNB's position. As the jury's determination was not clearly wrong, it will not be reversed on appeal.

For reasons stated, the judgment of the trial court is

Affirmed.

Judges BRASWELL and EAGLES concur.