ROY D. MORGAN, PLAINTIFF v. G. C. MUSSELWHITE, JR., AND QUICK STOP FOOD MART, INC., DEFENDANTS

No. 9022SC583

(Filed 15 January 1991)

1. **Master and Servant § 10.2 (NCI3d)— retaliatory discharge for compensation claim—statute of limitations**

   Plaintiff's action for retaliatory discharge for filing a workers' compensation claim was barred by the one-year statute of limitations of N.C.G.S. § 97-6.1(f) where plaintiff admitted that he knew more than a year before he filed the action that defendant no longer planned to employ him, although

MORGAN v. MUSSELWHITE

[101 N.C. App. 390 (1991)]

defendant was officially notified of his termination by letter less than a year before he filed the action.

**Am Jur 2d, Workmen's Compensation § 55.**

**Recovery for discharge from employment in retaliation for filing workers' compensation claim. 32 ALR4th 1221.**

2. **Master and Servant § 10.2 (NCI3d)— retaliatory discharge for compensation claim—insufficient forecast of evidence**
  Plaintiff's forecast of evidence was insufficient to support his claim that his discharge was in retaliation for his filing of a workers' compensation claim where it showed only that he filed the claim and was terminated almost two years later while he was working for one of defendant's competitors.

**Am Jur 2d, Workmen's Compensation § 55.**

**Recovery for discharge from employment in retaliation for filing workers' compensation claim. 32 ALR4th 1221.**

APPEAL by plaintiff from order entered 18 December 1989 by *Judge Preston Cornelius* in ALEXANDER County Superior Court. Heard in the Court of Appeals 5 December 1990.

This appeal arises from an action for retaliatory discharge under N.C. Gen. Stat. § 97-6.1 (1985). On 5 December 1988, plaintiff Roy Morgan filed a complaint against defendants alleging that he had been terminated and discharged from employment with the corporate defendant in retaliation for his filing a workers' compensation claim.

Sometime prior to the hearing concerning the order before us, defendant Musselwhite was dismissed from the case because the complaint failed to state a claim as to him. At the motion hearing below, the corporate defendant moved pursuant to Rule 56 for summary judgment. The trial court granted defendant's motion, and this appeal followed.

*Joel C. Harbinson for plaintiff appellant.*

*Fisher & Phillips, by Griffin B. Bell, Jr.; and Eisele & Ashburn, P.A., by Douglas G. Eisele, for defendant appellees.*

ARNOLD, Judge.

According to plaintiff's deposition and other documents in the record, he sustained thirty percent permanent partial disability of his back as a result of an accident arising out of his employment in February 1986. After the accident, plaintiff filed a workers' compensation claim and began receiving benefits. Plaintiff resumed working in June 1986, but stopped again on 31 July 1986, claiming he had been injured by a work-related polygraph examination. Plaintiff again received benefits for his work-related injury. Starting in the fall of 1987, plaintiff worked for several months for another convenience store. After leaving in July 1986, plaintiff did not return to work for defendant.

On 16 December 1987, defendant informed plaintiff that, in accordance with the company's sixty-day leave of absence policy, his employment was terminated as of 15 December 1987. At that time, plaintiff had not worked for defendant for more than sixteen months and was working for one of defendant's competitors. Plaintiff admits that he has no evidence that his discharge was in retaliation for his filing the workers' compensation claim.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Ellis v. Williams*, 319 N.C. 413, 355 S.E.2d 479 (1987). If any one ground is sufficient to sustain a finding of summary judgment, the trial court's judgment must be upheld. *Payne v. Buffalo Reinsurance Co.*, 69 N.C. App. 551, 317 S.E.2d 408 (1984).

[1] N.C. Gen. Stat. § 97-6.1(f) provides for a one-year statute of limitations for actions filed under the retaliatory discharge statute. Plaintiff admits in his affidavit and deposition testimony that by no later than the spring of 1987, and perhaps as early as November of 1986, "I knew that [the company] wasn't going to put me back to work." (See affidavit, but then says "Some time later . . ."; see also deposition of plaintiff at 65, 78-79, 82, 89.) Plaintiff filed this complaint on 5 December 1988. Plaintiff's own evidence, therefore, raises the question of whether his action was barred by the one-year statute of limitation.

Plaintiff argues that the statute of limitation did not begin to run until defendant officially notified him of his termination by a letter dated 16 December 1988. Plaintiff claims that his cause

of action did not accrue until he was officially discharged, and, concomitantly, that the statute of limitation did not begin to run until that time. We disagree. Plaintiff's cause of action arose when he became aware of defendant's alleged acts that would give rise to the claim. *North Carolina State Ports Authority v. Lloyd A. Fry Roofing Co.*, 32 N.C. App. 400, 232 S.E.2d 846 (1977), *aff'd* 294 N.C. 73, 240 S.E.2d 345 (1978). By no later than the spring of 1987, plaintiff states he knew defendant no longer planned to employ him. It was at this time that his cause of action arose, and a one-year period from that date expired well before this claim was filed. Summary judgment is affirmed.

[2] We also affirm the judgment because our review reveals that plaintiff's evidence is insufficient to support his claim that his discharge was in retaliation for his filing the workers' compensation claim. The burden of proof in a retaliatory discharge action is on the employee. G.S. § 97-6.1(b). The statute does not prohibit all discharges of employees who are involved in a workers' compensation claim, it only prohibits those discharges made *because* the employee exercises his compensation rights. *See Henderson v. Traditional Log Homes, Inc.*, 70 N.C. App. 303, 319 S.E.2d 290, *cert. denied*, 312 N.C. 622, 323 S.E.2d 923 (1984).

Plaintiff simply contends that because he filed the claim and then coincidentally was terminated almost two years later, he has provided sufficient evidence to avoid summary judgment. Plaintiff admits he has no other evidence that his termination resulted from his filing the disability claim. Plaintiff also admits defendant allowed him to return to work *after* he filed his claim and that he, not defendant, terminated the second period of employment. Plaintiff's contentions to the contrary, these allegations do not raise a triable, material issue of fact. Summary judgment is affirmed.

Affirmed.

Judges EAGLES and PARKER concur.