FISH HOUSE, INC., Plaintiff v. PATRICE C. CLARKE, Defendant

No. COA09-1047

(Filed 18 May 2010)

## 1. Trespass— navigable waters—public trust doctrine

The trial court did not err in dismissing plaintiff's trespass action because the manmade canal upon which defendant allegedly trespassed was a navigable waterway held by the State in trust for all citizens of North Carolina pursuant to the public trust doctrine.

**2. Jurisdiction— subject matter—standing—navigable waters**

Plaintiff's argument that the trial court erred in determining whether a canal was navigable because defendant had no standing to litigate the rights of the State of North Carolina was overruled because defendant raised navigable waters as a defense to plaintiff's trespass claim and was not seeking monetary damages for interference with navigable waters.

**3. Trespass— title to land—immaterial—navigable waters**

Plaintiff's argument that the trial court erred in dismissing its trespass claim because it was immaterial that plaintiff did not allege title to the land in question was dismissed because the canal at issue was navigable water subject to the public trust doctrine.

**4. Waters and Adjoining Lands— navigable canal in its entirety—no error**

The trial court did not err in determining that a canal was navigable in its entirety because plaintiff's complaint did not limit its trespass claim to any particular portion of the canal and defendant did not limit its defense of navigability to a specific portion of the canal.

Appeal by Plaintiff from an order entered 12 February 2009 by Judge Quentin T. Sumner in Hyde County Superior Court. Heard in the Court of Appeals 10 February 2010.

*Vandeventer Black LLP, by Norman W. Shearin, Jr. and Allison Holmes Pant, for Plaintiff.*

*Pritchett & Burch, PLLC, by Lloyd C. Smith, Jr., Jonathan E. Huddleston, and S. Adam Stallings, for Defendant.*

BEASLEY, Judge.

Fish House, Inc. (Plaintiff) appeals from an order denying its motion for partial summary judgment and dismissing its trespass action and all claims alleged therein. Because we agree with the trial court that the canal through which Patrice C. Clarke (Defendant) has allegedly trespassed is navigable waters, and therefore subject to the public trust doctrine, we affirm.

Plaintiff and Defendant own adjacent tracts of land in the Village of Engelhard, North Carolina, upon which they each operate their

respective fish houses. Plaintiff purchased three contiguous parcels (the "Fish House Parcels") from its principals pursuant to a deed executed on 22 June 1992. Far Creek, LLC (who was a co-plaintiff in this action but filed notice of voluntary dismissal under Rule 41(a)) purchased the Fish House Parcels on 30 August 2005 and leased the land back to Plaintiff. Therefore, since 1992, Plaintiff has been and remains in possession of the Fish House Parcels, either pursuant to the lease or as record owner thereof. Located on the western border of Plaintiff's property and to the east of Defendant's lies a canal called the Old Sam Spencer Ditch (the "Canal"). Defendant has consistently allowed boats to enter upon the Canal and tie up on the western side.

Plaintiff commenced a trespass action against Defendant by filing a complaint on 9 October 2007 to enjoin her from using the Canal. In Defendant's answer, she moved to dismiss the trespass action pursuant to Rule 12(b)(6) on the grounds that Plaintiff's leasehold interest is not sufficient to confer a viable claim. Defendant raised as affirmative defenses adverse possession, prescriptive easement, and navigable waters, and asserted several counterclaims. Defendant filed a motion for summary judgment on 8 December 2008, and Plaintiff filed a motion for partial summary judgment for dismissal of Defendant's counterclaims the following day. A motions hearing was held at the 12 January 2009 civil session of Martin County Superior court. The trial court found that neither party was entitled to judgment as a matter of law and denied both parties' summary judgment motions. Defendant's motion to dismiss, which was converted to a summary judgment motion at the hearing, for lack of standing was also denied. Finally, the trial court found that the waters of the Old Sam Spencer Ditch are navigable waters in which the State of North Carolina has public trust rights. Accordingly, the trial court concluded that neither party has any rights in the waters of the Canal except as members of the public and, therefore, dismissed the action in its entirety. Plaintiff appealed from this order.

## STANDARD OF REVIEW

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation omitted).

"Under the public trust doctrine, the lands under navigable waters 'are held in trust by the State for the benefit of the public' and

**FISH HOUSE, INC. v. CLARKE**

[204 N.C. App. 130 (2010)]

'the benefit and enjoyment of North Carolina's submerged lands is available to all its citizens, subject to reasonable legislative regulation, for navigation, fishing and commerce.' " *Parker v. New Hanover Cty.*, 173 N.C. App. 644, 653, 619 S.E.2d 868, 875 (2005) (quoting *State ex rel. Rohrer v. Credle*, 322 N.C. 522, 527, 369 S.E.2d 825, 828 (1988)); *see also* N.C. Gen. Stat. § 1-45.1 (2007) (codifying the public trust doctrine and extending its protections to "the right to navigate, swim, hunt, fish, and enjoy all recreational activities in the watercourses of the State"). "Though 'the extent of the public trust ownership of North Carolina is confused and uncertain[,] the Supreme Court of North Carolina has affirmed original state ownership of . . . lands under all waters navigable-in-fact.' " *Bauman v. Woodlake Partners, LLC*, —— N.C. App. ——, ——, 681 S.E.2d 819, 824 (2009) (quoting Thomas J. Schoenbaum, *Public Rights and Coastal Zone Management*, 51 N.C. L. Rev. 1, 17 (1970-71)).

Our Supreme Court has clarified the law on navigability in the context of the public doctrine succinctly: " '[A]ll watercourses are regarded as navigable in law that are navigable in fact.' " *Gwathmey v. State of North Carolina*, 342 N.C. 287, 300, 464 S.E.2d 674, 682 (1995) (quoting *State v. Baum*, 128 N.C. 600, 604, 38 S.E. 900, 901 (1901)); *see also State v. Twiford*, 136 N.C. 603, 606, 48 S.E. 586, 587 (1904) ("[I]f a stream is 'navigable *in fact* . . . it is navigable in *law*.' "). The Court has explained that "if a body of water in its natural condition can be navigated by watercraft, it is navigable in fact and, therefore, navigable in law, even if it has not been used for such purpose." *Gwathmey*, 342 N.C. at 301, 464 S.E.2d at 682. Those lands submerged under such waters that are navigable in law are the subject of the North Carolina public trust doctrine. *See id.*

I.

**[1]** Plaintiff argues that the trial court committed reversible error in dismissing its trespass action because even if the Old Sam Spencer Ditch is "navigable," Plaintiff is entitled to exclude Defendant therefrom. We disagree.

Plaintiff cites *Vaughn v. Vermillion*, 62 L. Ed. 2d 365, 444 U.S. 206 (1979) and *Kaiser Aetna v. United States*, 62 L. Ed. 2d 332, 444 U.S. 164 (1979) for the proposition that the privately owned, manmade waterways in those cases did not become open to use by all United States citizens simply because it joined with other navigable waterways. These cases, however, address the laws of the United States regarding the general public use of navigable waters in the context of

interstate commerce. Plaintiff never addresses the rights enjoyed by the citizens of North Carolina under the Public Trust Doctrine, based upon which the trial court's order was rendered, and the cases cited are inapposite thereto.

We agree with the trial court and Defendant that the Canal, although manmade, is a navigable waterway held by the state in trust for all citizens of North Carolina.

This Court recently stated that "the public ha[s] the right to [] unobstructed navigation as a public highway for all purposes of pleasure or profit, of all watercourses, whether tidal or inland, that are *in their natural condition* capable of such use." *Bauman*, —— N.C. App. at ——, 681 S.E.2d at 824 (quoting *Gwathmey*, 342 N.C. at 300, 464 S.E.2d at 682). The question here is whether the test for navigability is different when applied to a manmade canal. *"Gwathmey* clearly states that the public has a right to unobstructed navigability of waters in their natural state." *Id.* at ——, 681 S.E.2d at 824-25. However, it is not whether the waterway itself is natural or artificial but, rather, "[w]ater that is navigable in its natural state flows without diminution or obstruction." *Id.* at ——, 681 S.E.2d at 825 (citing *Wilson v. Forbes*, 13 N.C. 30, 35 (1828)). The South Carolina case of *Hughes v. Nelson*, 303 S.C. 102, 399 S.E.2d 24 (1990), is instructive, as it addresses very similar facts under a similar state law providing for common law rights of the public in navigable water. The issue before the South Carolina Court of Appeals was "whether the waters of the canal are navigable waters, making the canal a public highway, or whether, on the other hand, the canal is private property, like a privately owned road." *Id.* at 104, 399 S.E.2d at 25. Moreover, the test for navigability used by the South Carolina courts is akin to that employed in North Carolina, such that the court's analysis in *Hughes* is particularly persuasive. *See id.* at 105, 399 S.E.2d at 25 ("The true test to be applied is whether a stream inherently and by its nature has the capacity for valuable floatage, irrespective of the fact of actual use or the extent of such use.").

The court in *Hughes* held that "[t]he fact that a waterway is artificial, not natural, is not controlling. When a canal is constructed to connect with a navigable river, the canal may be regarded as a part of the river." *Id.*; *see also State ex rel. Medlock v. S.C. Coastal Council*, 289 S.C. 445, 448, 346 S.E.2d 716, 718 (1986) (holding canals and ditches, dug by rice planters for the purpose of water control but used thereafter by the general public as natural waterways, "have become the functional equivalent of natural streams"); *State v.*

**FISH HOUSE, INC. v. CLARKE**

[204 N.C. App. 130 (2010)]

*Columbia Water Power Co.*, 82 S.C. 181, 186, 63 S.E. 884, 887 (1909) (stating that a canal constructed to improve the navigability of two navigable rivers becomes "a part of those rivers, and therefore navigable just as any other portion of them is navigable"). Accordingly, the court in *Hughes* concluded that the canal which was privately constructed to connect with a navigable river, had the capacity for navigation, and had indeed been navigated for the past fifteen years without exclusion of the public was navigable water.

Although the North Carolina authority on this issue is sparse, the N.C. Department of Environment and Natural Resources, Division of Coastal Management (DCM) likewise suggests that our test for navigability does not discriminate between natural and artificial waterways. The DCM, in its CAMA [Coastal Area Management Act] Handbook for Development in Coastal Carolina, defines navigable waters and identifies the various public trust areas. The handbook identifies public trust areas as, *inter alia*: (1) "all navigable natural water bodies and the lands underneath;" (2) "all water in artificially created water bodies that have significant public fishing resources and are accessible to the public from other waters;" and (3) "all waters in artificially created water bodies where the public has acquired rights by prescription, custom, usage, dedication or any other means." Division of Coastal Management, N.C. Dep't of Env't & Natural Res., *CAMA Handbook for Development in Coastal North Carolina* § 2(A)(1), http://dcm2.enr.state.nc.us/Handbook/section2.htm. In *Pine Knoll Assn. v. Cardon*, this Court stated, without dispute, that Plaintiff and defendant own adjoining canal front properties on the dead end canal of Davis Landing Canal, which is navigable by pleasure boats, and described the canal as a navigable waterway. 126 N.C. App. 155, 157, 484 S.E.2d 446, 447 (1997). In light of the preceding authority, we hold that the controlling law of navigability concerning the body of water in its natural condition reflects only upon the manner in which the water flows without diminution or obstruction. Therefore, any waterway, whether manmade or artificial, which is capable of navigation by watercraft constitutes navigable water under the public trust doctrine of this state.

Here, there is no dispute that boats with a length of thirty (30) feet have navigated the Old Sam Spencer Ditch or that Defendant and other members of the public have used the Canal for commercial purposes in excess of twenty (20) years. Several affidavits setting forth the navigability and historical use of the Canal, which remain uncon-

tested by Plaintiff, indicate that the Old Sam Spencer Ditch is indeed navigable water and subject to the public trust doctrine.Therefore, we hold the trial court did not err in dismissing Plaintiffs action for trespass against Defendant to enjoin her from using these waters held in trust by the state for the benefit of the public.

II.

**[2]**  Plaintiff argues that even if the waters of the Canal are navigable, the trial court erred in determining their navigability because Defendant has no standing to litigate the rights of the State of North Carolina. Plaintiff contends that the issue of navigable waters is not a defense or a claim available to Defendant. We disagree.

Standing implicates a courts subject matter jurisdiction and may be raised at any time, even on appeal. *Woodring v. Swieter*, 180 N.C. App. 362, 366-67, 637 S.E.2d 269, 274-75 (2006).

Although Plaintiff is correct that no party has the standing to litigate the rights of the state, Defendant in this case raised navigable waters as an affirmative defense to Plaintiffs trespass action. Our courts have held that private litigants lack standing to sue for damage to public lands, including navigable waters. *See Fabrikant v. Currituck Cty.*, 174 N.C. App. 30, 42, 621 S.E.2d 19, 27-28 (2005) (holding that because of the unique nature of the public trust doctrine, this is a claim that may only be raised by a sovereign). This Court stated: "As such, the public trust doctrine cannot give rise to an assertion of ownership that would be available to any 'private litigants in like circumstances.' " *Id.* at 41-42, 621 S.E.2d at 27 (citation omitted).

> The state is the sole party able to seek non-individualized, or public, remedies for alleged harm to public waters. Under the public trust doctrine, the State holds title to the submerged lands under navigable waters, but it is a title of a different character than that which it holds in other lands. It is a title held in trust for the people of the state so that they may navigate, fish, and carry on commerce in the waters involved.

*Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 118-19, 574 S.E.2d 48, 54 (2002) (internal quotations omitted).

Defendant is not seeking monetary damages for interference with navigable waters but, rather, merely raises the doctrine as a defense to Plaintiffs trespass claim and to preserve the publics rights to the Canal under the public trust doctrine. *Cf. Bauman*, —— N.C. App. ——,

681 S.E.2d 819 (allowing the class action suit brought by riparian owners against defendants who had begun charging a toll for use of the lake to proceed). Although the lake in *Bauman* was ultimately not deemed navigable, this Court did not prohibit the plaintiffs from invoking the public trust doctrine where they merely wanted access to the lakes allegedly navigable waters, free from interference and charge. Similarly, Defendant invokes the public trust doctrine, not to litigate the rights of the state, but to ensure that Plaintiff does not prevent her from enjoying those rights. Accordingly, we hold the trial court did not err in deciding that the waters of the canal were navigable because Defendants standing is not an issue.

### III.

**[3]** Plaintiff argues that the trial court committed reversible error in dismissing its trespass action because it is immaterial that Plaintiff does not allege title to the land in question. Pursuant to the discussion above, the trial courts proper determination that the Canal at issue is navigable water subject to the public trust doctrine means exactly that no party can attain possessory rights therein sufficient to support a trespass cause of action. Accordingly, Plaintiffs argument is meritless, and we dismiss this assignment of error.

### IV.

**[4]** Lastly, Plaintiff argues that the trial court committed reversible error in adjudicating the rights in the eastern half of the Canal because there was no dispute between the parties as to that portion of the Old Sam Spencer Ditch. We disagree.

The relief granted by the trial court is proper when consistent with the claims pleaded and embraced within the issues presented to the court. *NCNB v. Carter*, 71 N.C. App. 118, 322 S.E.2d 180 (1984). Not only did Plaintiffs complaint fail to limit the action to any particular portion of the Canal, but Defendant also raised the issue of navigability of the Canal, without specifying which portion, as an affirmative defense and as a counterclaim in her answer. Therefore, the issue of navigability of the entire canal was properly before the trial court, and the judge did not err in adjudicating the Canal as navigable in its entirety.

In conclusion, we affirm the order of the trial court.

Affirmed.

Chief Judge MARTIN and Judge HUNTER, JR. concur.