DAVID A. HENDERSON v. TRADITIONAL LOG HOMES, INC.

No. 8323SC778

(Filed 4 September 1984)

**Master and Servant § 10.2— retaliatory discharge for compensation claim — sufficiency of evidence**

Plaintiff's evidence was sufficient for the jury in an action brought pursuant to G.S. 97-6.1 to recover damages for retaliatory discharge for filing a workers' compensation claim where it tended to show that plaintiff was employed as an inspector by defendant; in April 1980 plaintiff sustained a work-related injury by accident; plaintiff filed a workers' compensation claim in connection with this injury; when his compensation checks were discontinued after a short time, plaintiff hired an attorney to represent him in this claim; plaintiff returned to work in August 1980 but was unable to complete a full day because the heavy work aggravated his previous injuries; plaintiff again attempted to return to work in September 1980 and his request for light duties was denied; a couple of months later, defendant sent plaintiff a letter requesting an update of his compensation claim, and plaintiff informed defendant that his claim was pending before Industrial Commission; shortly thereafter, plaintiff received a letter informing him that he was "laid-off"; other employees "laid-off" at the same time as plaintiff were the last three people to

be hired by defendant; eight other employees with less seniority than plaintiff were retained by defendant; plaintiff was never called back to work by defendant; and defendant's supervisors' handbook listed seniority as one of the factors to be considered when determining who should be laid-off.

APPEAL by defendant from *Collier, Judge.* Judgment entered 10 March 1983 in Superior Court, YADKIN County. Heard in the Court of Appeals 2 May 1984.

This is an action brought by plaintiff, David A. Henderson, alleging that defendant had discharged him because he filed a workers' compensation claim for work-related injuries.

The jury found in favor of plaintiff and granted him damages in the amount of $8,000.00. From the judgment entered on the verdict, defendant appealed.

*Franklin Smith, for defendant appellant.*

*Legal Aid Society of Northwest North Carolina, Inc., by Kate Mewhinney, for plaintiff appellee.*

JOHNSON, Judge.

On or about 15 May 1978, plaintiff was hired by defendant as a laborer. Within a few days, he was promoted to production inspector. On 17 April 1980, plaintiff pulled a muscle in his left groin area when he lifted a log while inspecting a stack of logs. As a result of this injury, plaintiff was absent from work for several days. When he returned to work about a week later, he suffered severe pain in the injured area and was taken from the job to the hospital where he underwent surgery. Following the surgery, plaintiff remained on sick leave without attempting to return to work until June. In June 1980, plaintiff's doctor permitted him to go back to work with the restriction that he perform light duties only, but defendant refused to assign him to light duties. In August 1980, plaintiff returned to work and was immediately assigned to perform heavy work which exacerbated his injuries. Plaintiff attempted to return to work on five separate occasions between the date of the injury and 2 December 1980, when he was terminated. Each time he was either refused lighter work, or he was given heavy work which resulted in further absences. Meanwhile, plaintiff filed his claims with defendant's workers' compensation insurance carrier, and he received

Henderson v. Traditional Log Homes

several checks before his compensation was discontinued. Plaintiff retained an attorney to pursue his claim, and a hearing before the Industrial Commission was set for January 1981.

On 20 August 1980, plaintiff was told by defendant's general manager that if plaintiff's doctor did not release him soon, he would be replaced. In late November 1980, defendant wrote plaintiff a letter inquiring about the status of his compensation claim. By return mail, plaintiff informed defendant that his claim was pending before the Industrial Commission. Shortly thereafter, plaintiff received a letter from defendant informing him that due to the "down-turn" in the housing market, plaintiff was "laid-off."

At the conclusion of the plaintiff's evidence, the trial court reserved ruling on a motion by defendant for a directed verdict under G.S. 1A-1, Rule 50(a). At the close of all the evidence, defendant moved for and was denied a directed verdict. The jury awarded damages to plaintiff of $8,000.00. After the jury rendered its verdict, defendant moved for and was denied a motion for judgment notwithstanding the verdict under G.S. 1A-1, Rule 50(b). Defendant appealed.

Defendant predicates this appeal upon three assignments of error. In its first and third assignments of error, defendant contends that the trial court erred in denying its motion for a directed verdict and for judgment notwithstanding the verdict. Defendant contends that plaintiff failed to make out a prima facie case of retaliatory discharge under G.S. 97-6.1, and therefore its motions should have been granted.

The ability of an employer to chill an employee's exercise of his rights under the Workers' Compensation Act through retaliatory discharge or demotion motivated our legislature to enact G.S. 97-6.1 which provides in pertinent part:

§ 97-6.1. Protection of claimants from discharge or demotion by employers.— (a) No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act, or has testified or is about to testify in any such proceeding.

(b) Any employer who violates any provision of this section shall be liable in a civil action for reasonable damages suffered by an employee as a result of the violation, and an employee discharged or demoted in violation of this section shall be entitled to be reinstated to his former position. The burden of proof shall be upon the employee.

A cause of action under this section lies only if an employee is discharged or demoted because he exercised his rights under the Workers' Compensation Act. Plaintiff has the burden of proof on the claim of retaliatory discharge or demotion. G.S. 97-6.1(b).

On a motion for a directed verdict under G.S. 1A-1, Rule 50, the question presented is whether the evidence is sufficient to take the case to the jury and to support a verdict for plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 670, 231 S.E. 2d 678, 680 (1977). The evidence is viewed in the light most favorable to plaintiff, and the plaintiff must be given the benefit of all the reasonable inferences therefrom. *Shields v. Nationwide Mut. Fire Ins. Co.*, 61 N.C. App. 365, 374, 301 S.E. 2d 439, 445, *disc. review denied*, 308 N.C. 678, 304 S.E. 2d 759 (1983). Defendant's evidence insofar as it conflicts or refutes the plaintiff's evidence is not considered, but the other evidence presented by defendant may be considered to the extent that it clarifies the plaintiff's case. *Koonce v. May*, 59 N.C. App. 633, 634, 298 S.E. 2d 69, 71 (1982). The motion for directed verdict may be granted only if the evidence is insufficient, as a matter of law, to support a verdict for the plaintiff. If the evidence is such that reasonable minds could differ as to whether plaintiff is entitled to recover, then a directed verdict should not be granted and the case should go to the jury. *Id.* A motion for judgment notwithstanding the verdict is essentially the renewal of a prior motion for a directed verdict. *Harvey v. Norfolk Southern Ry.*, 60 N.C. App. 554, 556, 299 S.E. 2d 664, 666 (1983). Therefore, these rules, regarding the sufficiency of the evidence to go to the jury, are equally applicable to a motion that judgment be entered in accordance with the movant's earlier motion for a directed verdict, notwithstanding the contrary verdict reached by the jury. *Summmey v. Cauthen*, 283 N.C. 640, 648, 197 S.E. 2d 549, 554 (1973).

In viewing the evidence in the light most favorable to the plaintiff, the evidence tended to show the following: Plaintiff was

employed as an inspector by defendant. In April 1980, plaintiff, while in the course of his employment, was involved in an accident wherein he sustained an injury to his left groin area. Plaintiff filed a worker's compensation claim in connection with this injury. When his compensation checks were discontinued after a short time, plaintiff hired an attorney to represent him in connection with this claim. In August 1980, plaintiff returned to work, but was unable to complete a full day because the heavy work aggravated his previous injuries. Following his unsuccessful effort to return to his regular work, plaintiff was told by defendant's general manager that unless his doctor released him soon, he would be replaced. In September 1980, plaintiff again attempted to return to work but his request for light duties was denied. A couple of months later, defendant sent plaintiff a letter requesting an update of his compensation claim. By return mail, plaintiff informed defendant that his claim was pending before the Industrial Commission. Shortly thereafter, plaintiff received a letter informing him that he was "laid-off." At the time of the "lay-off" plaintiff was third in seniority. The other employees "laid-off" at the same time as plaintiff were the last three people to be hired by defendant. Eight other employees with less seniority than plaintiff were retained by defendant. Several weeks after plaintiff was laid-off, one of the other laid-off employees was recalled. Plaintiff was never called back to work by defendant.

The record also reveals that defendant's "supervisors' handbook" listed "seniority" as one of the factors to be considered when determining who should be laid-off. The record further reveals that defendant knew that plaintiff was pursuing his worker's compensation claims, and that his case was scheduled for hearing with the Industrial Commission. There is, also, undisputed evidence in the record that plaintiff was advised by defendant's plant manager to file some of his claims with Blue Cross and Blue Shield instead of the workers' compensation insurance carrier.

Under the rules that we must follow in reviewing the denial of a motion for directed verdict and a motion for judgment notwithstanding the verdict, we hold that there was sufficient evidence to take the case to the jury and to support a verdict for plaintiff. Although there is evidence in the record tending to explain the actions of defendant, we must consider the evidence in

the light most favorable to plaintiff and accept plaintiff's evidence at face value. The trial court may enter a judgment notwithstanding the verdict only when a directed verdict would have been proper. It would have been error to direct a verdict where, as here, the evidence was of such character that reasonable men could form divergent opinions of its import. *Brewer v. Majors*, 48 N.C. App. 202, 205, 268 S.E. 2d 229, 231, *disc. review denied*, 301 N.C. 400, 273 S.E. 2d 445 (1980). Accordingly, we hold that defendant's first and third assignments of error are without merit.

In its second assignment of error defendant contends that the trial court committed reversible error in its charge to the jury. Defendant contends that the charge was improper and prejudicial in that the jury was instructed to consider such factors as seniority and length of employment in determining whether plaintiff was discharged for exercising his rights under the Workers' Compensation Act. Rule 10(b)(2) of the Rules of Appellate Procedure provides in part:

(2) Jury Instructions; Findings and Conclusions of Judge. No party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury. *In the record on appeal an exception to instructions given the jury shall identify the portion in question by setting it within brackets or by any other clear means of reference.* (Emphasis ours.)

The exceptions supporting this assignment of error refer the appellate court to every transcript page of the jury charge. Defendant fails to clearly identify the objectionable portions by setting them within brackets or by any other clear means of reference; therefore, the alleged error in the jury charge is not present for consideration on appeal. *State v. Melvin*, 32 N.C. App. 772, 774, 233 S.E. 2d 636, 638 (1977). Nevertheless, we have examined the charge in its entirety and find it free from prejudicial error.

Having considered all of defendant's assignments of error and finding them to be without merit, we hold that the parties herein received a fair trial, free of prejudicial error.

No error.

Judges WELLS and BECTON concur.