CONKLIN v. CAROLINA NARROW FABRICS CO.

[113 N.C. App. 542 (1994)]

The decision of the trial court is reversed.

Chief Judge ARNOLD and Judge WELLS concur.

---

MICHAEL P. CONKLIN v. CAROLINA NARROW FABRICS COMPANY

No. 9223SC1279

(Filed 1 February 1994)

**Labor and Employment § 75 (NCI4th)— retaliatory discharge— workers' compensation claim—12(b)(6) motion denied**

A complaint alleging retaliatory discharge for filing a workers' compensation claim was sufficient to withstand a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) where N.C.G.S. § 97-6.1 was operative at the time plaintiff filed his complaint; plaintiff's allegation that he had been discharged because he had instituted a workers' compensation claim in good faith brought his claim within the purview of N.C.G.S. § 97-6.1; the defense in N.C.G.S. § 97-6.1(c) for a discharge due to failure to meet work standards unrelated to the workers' compensation claim did not apply because plaintiff alleged that he was unable to continue his work because of his injury; the exception in N.C.G.S. § 97-6.1(e) for discharge on the basis of disability preventing employees from carrying out the duties for which they are employed applies only to permanent partial or total disability; and, while plaintiff alleged receipt of some disability payments, his complaint does not aver that he received compensation for either of those disabilities and therefore does not allege an unconditional affirmative defense.

**Am Jur 2d, Workers' Compensation §§ 39 et seq.**

**Recovery for discharge from employment in retaliation for filing workers' compensation claim. 32 ALR4th 1221.**

Appeal by plaintiff from order entered 25 September 1992 by Judge Julius A. Rousseau, Jr. in Alleghany County Superior Court. Heard in the Court of Appeals 27 October 1993.

Plaintiff Michael P. Conklin brought this suit on 25 March 1992, claiming that his former employer, defendant Carolina Nar-

CONKLIN v. CAROLINA NARROW FABRICS CO.

[113 N.C. App. 542 (1994)]

row Fabrics Company, violated N.C. Gen. Stat. § 97-6.1 (1991) by discharging him without just cause and solely because he pursued workers' compensation benefits. On 21 April 1992, defendant filed a motion to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990). The trial court entered an order on 25 September 1992, dismissing the complaint. Plaintiff appeals from the order of dismissal.

*George E. Francisco for plaintiff-appellant.*

*Petree Stockton, by Barbara E. Ruark, for defendant-appellee.*

McCRODDEN, Judge.

In this appeal, we decide whether the trial court properly dismissed plaintiff's claim of retaliatory discharge when the complaint alleged a workers' compensation injury, inability to work, and dismissal on the basis of that disability. More specifically, the complaint avers that, while employed by defendant on 24 April 1991, plaintiff injured his back as he helped lift two steel beams weighing 200 pounds. He thereafter received disability and medical benefits under the Workers' Compensation Act. The complaint further alleges that on 20 August 1991, plaintiff's treating physician allowed him to return to work, but he was unable to perform the duties of his job due to the pain from his back injury. Plaintiff then contacted his boss, informing him that "he could not do the job." Defendant subsequently terminated plaintiff from his employment.

In considering a motion to dismiss for failure to state a claim, the trial court must accept as true all allegations of fact. *Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 351, 416 S.E.2d 166, 168 (1992). Dismissal is generally inappropriate except in those instances where the face of the complaint discloses some insurmountable bar to recovery, such as an unconditional affirmative defense which defeats the claim asserted or facts which deny the right to any relief on the alleged claim. *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 166 (1970). A trial court should not dismiss a complaint for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which he could prove in support of the claim. *Id.*

The ability of an employer to chill an employee's exercise of his or her rights under the Workers' Compensation Act through

retaliatory discharge or demotion motivated our legislature to enact N.C.G.S. § 97-6.1. *See Henderson v. Traditional Log Homes*, 70 N.C. App. 303, 305, 319 S.E.2d 290, 292, *disc. review denied*, 312 N.C. 622, 323 S.E.2d 923 (1984). This statute, operative at the time plaintiff filed his complaint (subsequently repealed effective 1 October 1992), provides: "No employer may discharge or demote any employee because the employee has instituted or caused to be instituted, in good faith, any proceeding under the North Carolina Workers' Compensation Act . . . ." It does not, however, prohibit all discharges of employees who are involved in workers' compensation claims; it prohibits only a discharge made because the employee exercised his compensation rights. *Morgan v. Musselwhite*, 101 N.C. App. 390, 393, 399 S.E.2d 151, 153, *disc. review denied*, 329 N.C. 498, 407 S.E.2d 536 (1991). Plaintiff's complaint stated that "the defendant-corporation discharged the plaintiff because the plaintiff instituted, in good faith, a proceeding under the North Carolina Workers' Compensation Act and requested benefits pursuant to that Act." This allegation is sufficient to bring his claim within the purview of N.C.G.S. § 97-6.1.

Defendant, nonetheless, contends that dismissal of plaintiff's complaint was proper due to the existence of statutory defenses set out in N.C.G.S. § 97-6.1 (c) and (e). Section 97-6.1 (c) states that an "employer shall have as an affirmative defense to this section . . . [the employee's] failure to meet employer work standards not related to the Workers' Compensation Claim." Defendant may not avail itself of this provision, however, because, if the employee's failure to meet the defendant's work standards was due to the injury which was the subject of the workers' compensation claim, his failure to meet these standards was related to his workers' compensation claim. *Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 352, 363 S.E.2d 215, 218, *disc. review denied*, 322 N.C. 111, 367 S.E.2d 910 (1988). Since plaintiff's complaint alleges that he was "unable to continue working at his job because of the pain resulting from his back injury," he alleges facts sufficient to defeat application of the subsection (c) defense.

N.C.G.S. § 97-6.1 (e), also argued by defendant, creates another narrow exception to the prohibition stated in subsection (a), reading:

> The failure of an employer to employ, either in employment
> or at the employee's previous level of employment, an employee

who receives compensation for permanent total disability, or a permanent partial disability interfering with his ability to adequately perform work available, shall in no manner be deemed a violation of this section.

Hence, pursuant to section 97-6.1 (e), an employer may discharge an employee on the basis of the employee's disability which prevents him from carrying out the duties for which he is employed. *Johnson v. Builder's Transport, Inc.*, 79 N.C. App. 721, 723, 340 S.E.2d 515, 517 (1986). This subsection, however, applies only to employees who have received compensation for "permanent total disability" or "permanent partial disability," terms that have distinct meanings under the North Carolina Workers' Compensation Act, N.C. Gen. Stat. §§ 97-29, -31 (1991), but which are not the only types of disability for which a claimant may receive compensation. While plaintiff's complaint does allege that plaintiff received some disability payments, it does not aver that he received compensation for either type of disability required by subsection (e), and, it does not, therefore, allege an unconditional affirmative defense that would justify a Rule 12(b)(6) dismissal. In view of the foregoing, we are compelled to rule that plaintiff's complaint alleging retaliatory discharge was sufficient to withstand a Rule 12(b)(6) motion to dismiss. This ruling does not foreclose summary judgment for defendant upon a showing that it has paid compensation for permanent total disability or permanent partial disability.

Reversed.

Judges LEWIS and WYNN concur.