LEE ANN WHITINGS, Plaintiff v. WOLFSON CASING CORP., Defendant

No. COA04-1242

(Filed 6 September 2005)

**Employers and Employees— wrongful discharge—failure to assert legally protected activity**

The trial court did not err by dismissing pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiff's claim of wrongful discharge in violation of public policy, because: (1) it is the filing of a workers' compensation claim that triggers the statutory and common law protection against employer retaliation in violation of public policy instead of asking an employer to pay for a doctor's visit or other medical services; and (2) plaintiff has not alleged that she filed a claim seeking workers' compensation benefits in connec-

tion with her injury at any time either prior or subsequent to her discharge, and thus, failed to show that she was fired for engaging in a legally protected activity.

Appeal by plaintiff from order entered 30 June 2004 by Judge William C. Gore, Jr. in Bladen County Superior Court. Heard in the Court of Appeals 11 May 2005.

*Faith Herndon for plaintiff-appellant.*

*Ferris & McCall, PC, by Craig T. McCall, and Frank & Associates, PC, by Saul D. Zabell, for defendant-appellee.*

ELMORE, Judge.

Lee Ann Whitings (plaintiff) appeals an order of the trial court dismissing her complaint. Because this Court's review of an order granting a Rule 12(b)(6) motion to dismiss requires that we accept the facts alleged in the pleadings as true, we recite the facts stated in plaintiff's complaint. Plaintiff was hired by Wolfson Casing Corporation (defendant) as a shift supervisor in August of 2001. Plaintiff was responsible for supervising employees who were pullers and machine operators. In March of 2002 David McDowell (McDowell), the manager of plaintiff's facility, told plaintiff that she needed to demonstrate her ability to operate the machines being used by her shift employees. McDowell assigned plaintiff to operate a finishing machine, rather than perform her routine duties of supervising shift employees. On or about 13 March 2002, plaintiff experienced pain and swelling in her hands while operating the machine. On 16 March 2002 plaintiff told McDowell that her hands were hurting and asked that defendant pay for her to see the company doctor. McDowell directed her to get back on the machine, but plaintiff refused to do so. Thereafter, McDowell suspended plaintiff for three working days without pay because she refused to continue operating the finishing machine.

On 18 March 2002 an employee of defendant authorized plaintiff to see a doctor for her hand and arm problems. Plaintiff was evaluated by Dr. Laura Matthews-Thompson, and defendant paid for this doctor's visit. Dr. Matthews-Thompson diagnosed plaintiff with work-related tendinitis and wrote a note stating that plaintiff could not work on the finishing machine. On 21 March 2002, when plaintiff was scheduled to return to work following her suspension, McDowell called plaintiff at home and told her to resume operating the finishing

machine. When plaintiff declined to continue operating the machine, McDowell informed plaintiff that she was terminated.

On 18 April 2002 plaintiff filed an employment discrimination charge with the North Carolina Department of Labor (NCDOL). The NCDOL issued plaintiff a right-to-sue letter on 6 March 2003. On 10 December 2003 plaintiff filed a complaint in Bladen County Superior Court. Plaintiff alleged two causes of action: (1) violation of N.C. Gen. Stat. § 95-240 *et seq.*, the North Carolina Retaliatory Employment Discrimination Act (REDA); and (2) wrongful discharge in violation of North Carolina public policy protecting employees against retaliatory discharge for asserting their legal rights under Chapter 97 of the General Statutes, the Workers' Compensation Act. Defendant attempted to remove the action to federal court, but the U.S. District Court for the Eastern District of North Carolina ultimately determined that removal was improper and remanded the action to Bladen County Superior Court.

On 24 May 2004 defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Defendant asserted that plaintiff's statutory claim under REDA was time-barred because plaintiff failed to file her complaint within 90 days of the date that the right-to-sue letter was issued. *See* N.C. Gen. Stat. § 95-243 (2003) ("A civil action under this section shall be commenced by an employee within 90 days of the date upon which the right-to-sue letter was issued . . . ."). Judge William C. Gore, Jr. conducted a hearing on the motion on 1 June 2004. After hearing oral arguments and reviewing the materials submitted by the parties, the trial court found that plaintiff's claim under REDA was time-barred. The court also found that plaintiff failed to plead the elements of the common law claim of wrongful discharge in violation of North Carolina public policy. Accordingly, the court ordered that plaintiff's complaint be dismissed in its entirety. From this order entered 30 June 2004, plaintiff appeals.

Plaintiff does not challenge the court's dismissal of her claim under REDA. Plaintiff's sole argument on appeal is that the trial court erred in dismissing her claim of wrongful discharge in violation of public policy. The trial court found that plaintiff's complaint alleging wrongful discharge in violation of public policy failed to state a claim upon which relief can be granted for two reasons: (1) plaintiff refused to return to work when requested by defendant; and (2) plaintiff's employment was not terminated by defendant for filing a workers'

compensation claim. We now consider whether either of these grounds will uphold the trial court's dismissal of plaintiff's claim.

In North Carolina, the employer-employee relationship is governed by the at-will employment doctrine, which states that "in the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." *Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997), *reh'g denied*, 347 N.C. 586, 502 S.E.2d 594 (1998). However, our Supreme Court has recognized a cause of action for wrongful discharge in violation of the public policy of North Carolina. *See Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989).

> There is no specific list of what actions constitute a violation of public policy. . . . However, wrongful discharge claims have been recognized in North Carolina where the employee was discharged (1) for refusing to violate the law at the employer's request, . . . (2) for engaging in a legally protected activity, or (3) based on some activity by the employer contrary to law or public policy[.]

*Ridenhour v. IBM Corp.*, 132 N.C. App. 563, 568-69, 512 S.E.2d 774, 778 (internal citations omitted), *disc. review denied*, 350 N.C. 595, 537 S.E.2d 481 (1999).

This Court has stated that "[p]ursuing one's rights under the Workers' Compensation Act, G.S. §§ 97-1 *et seq.* (2003), is a legally protected activity. . . . Therefore, a plaintiff may state a claim for wrongful discharge in violation of public policy where he or she alleges the dismissal resulted from an assertion of rights under the Workers' Compensation Act." *Brackett v. SGL Carbon Corp.*, 158 N.C. App. 252, 259-60, 580 S.E.2d 757, 762 (2003). The plaintiff has the burden of pleading that the dismissal was causally related to the protected activity. *See Salter v. E & J Healthcare, Inc.*, 155 N.C. App. 685, 693, 575 S.E.2d 46, 51 (2003).

Plaintiff argues that she has met her burden of alleging that her termination was causally related to a protected activity. In her complaint, plaintiff alleged that "Defendant refused to pay Plaintiff any disability benefits arising from her lost time from work when she could no longer operate the finishing machine, including any disability benefits that might have been due Plaintiff under the North

Carolina Workers' Compensation Act, N.C. Gen. Stat. § 97-1 et seq."
Plaintiff further alleged that "Defendant's conduct in discharging
Plaintiff constitutes a wrongful discharge in violation of North
Carolina public policy protecting individuals against retaliatory dis-
charge for asserting their legal rights under Chapter 97 of the Gen-
eral Statutes of North Carolina[.]" Essentially, plaintiff contends that
she engaged in a protected activity when she requested that her
employer pay for a medical evaluation of a work-related injury. We
cannot agree.

The public policy exception to the at-will employment doctrine is
confined to the express statements contained within our General
Statutes or our Constitution. *See Considine v. Compass Grp. USA,
Inc.*, 145 N.C. App. 314, 320-21, 551 S.E.2d 179, 184, *aff'd per curiam*,
354 N.C. 568, 557 S.E.2d 528 (2001). Both the Workers' Compensation
Act and the Retaliatory Employment Discrimination Act (REDA) are
sources of policy establishing an employee's legally protected right of
pursuing a workers' compensation claim. An action pursuant to
REDA is a supplemental remedy to the common law claim of wrong-
ful discharge. *See Salter*, 155 N.C. App. at 695-96, 575 S.E.2d at 53.
This Court has repeatedly stated that REDA prohibits discrimination
against an employee who has *filed* a workers' compensation claim.
*See, e.g., Wiley v. United Parcel Serv., Inc.*, 164 N.C. App. 183, 186,
594 S.E.2d 809, 811 (2004); *Tarrant v. Freeway Foods of Greensboro,
Inc.*, 163 N.C. App. 504, 510, 593 S.E.2d 808, 812, *disc. review denied*,
358 N.C. 739, 603 S.E.2d 126 (2004); *Salter*, 155 N.C. App. at 690, at
575 S.E.2d at 50; *Johnson v. Trustees of Durham Tech. Cmty. Coll.*,
139 N.C. App. 676, 681, 535 S.E.2d 357, 361 (2000), *disc. review
improvidently allowed*, 357 N.C. 570, 597 S.E.2d 670 (2003). In enact-
ing REDA and its predecessor statute, N.C. Gen. Stat. § 97-6.1, the
General Assembly intended to prevent employer retaliation from hav-
ing a chilling effect upon an employee's exercise of his or her statu-
tory rights under the Workers' Compensation Act. *See Conklin v.
Carolina Narrow Fabrics Co.*, 113 N.C. App. 542, 543-44, 439 S.E.2d
239, 240 (1994). Thus, the exercise of one's rights under the Act is the
legally protected activity. Asking an employer to pay for a doctor's
visit or other medical services is merely an abstract assertion and not
an assertion of rights under the Act. Rather, it is the filing of a work-
ers' compensation claim that triggers the statutory and common law
protection against employer retaliation in violation of public policy.

Plaintiff has not alleged that she filed a claim seeking workers'
compensation benefits in connection with her injury. We conclude

that by failing to allege the filing of a workers' compensation claim *at any time* either prior or subsequent to her discharge, plaintiff has failed to plead that she engaged in a legally protected activity. *Cf. Tarrant*, 163 N.C. App. at 509, 593 S.E.2d at 812 (reversing trial court's dismissal of common law wrongful discharge claim where "[p]laintiff's allegations of the events regarding her hiring and firing tend to show that she was fired because she filed a workers' compensation claim"). As plaintiff has not alleged that she was fired for engaging in a legally protected activity, she has failed to plead all elements of a claim for wrongful discharge in violation of public policy. We, therefore, affirm the order of the trial court below.

Affirmed.

Judges McGEE and CALABRIA concur.