ENOCHS, Judge.
 

 *453
 
 City Chevrolet Automotive Company ("Defendant")
 
 [1]
 
 appeals from judgment entered on 4 January 2016 following a jury verdict finding Defendant liable to Benjamin Ridley ("Plaintiff") for fraud and negligence and awarding damages in the amount of
 
 *810
 
 $200,000.00. The judgment of the trial court remitted the jury's verdict to $110,270.66, found Defendant had violated the Unfair and Deceptive Trade Practices Act, trebled the damages to $330,811.98, and awarded attorneys' fees and costs to Plaintiff. On appeal, Defendant contends that the trial court erred in allowing Plaintiff's expert witness to testify regarding the motivations and intent of Defendant; in denying Defendant's motion notwithstanding the verdict on the claim for unfair and deceptive trade practices; in denying Defendant's motion for a new trial; and in awarding Plaintiff attorneys' fees. After careful review, we affirm the judgment, but reverse the grant of attorneys' fees.
 
 *454
 

 Factual Background
 

 On 12 June 2013, Plaintiff was involved in a motor vehicle accident in his 2008 Land Rover LR3. Plaintiff's vehicle struck Bret Wendel's vehicle when Wendel turned in front of Plaintiff at an intersection as the traffic light turned yellow. Plaintiff was travelling at 40 miles per hour at the time of the collision and both vehicles were damaged.
 

 After the accident, Plaintiff contacted Land Rover Corporation of America to find out who they recommended to repair his vehicle. Plaintiff ultimately selected Hendrick Luxury Collision Center ("Hendrick") to do the repairs. He specifically relayed his concerns to Hendrick that because of the force of the collision there was likely to be unseen damage to the vehicle's frame.
 

 Approximately one month later, Hendrick notified Plaintiff that his vehicle had been repaired and was ready to be picked up. Hendrick, however, had not performed any repairs on the vehicle. Unbeknownst to Plaintiff, the repairs had, in actuality, all been performed by the collision repair shop of Defendant.
 

 Plaintiff picked up his vehicle from Hendrick and drove it home. On his way home, he noticed that the vehicle was pulling to the right significantly and whenever he hit a bump in the road, "there was a very loud clanking like metal slapping metal[.]" When Plaintiff arrived home, he inspected the vehicle and noticed that the front left tire had an eighteen inch gash in it and was the same tire that had been on the vehicle at the time of the collision. Plaintiff contacted Hendrick with his concerns about the repairs to his vehicle and, on 8 August 2013, Hendrick took Plaintiff's Land Rover back to their shop for further inspection and repairs.
 

 Hendrick had possession of the vehicle "approximately from June until ... the first part of September." When Hendrick returned the vehicle to Plaintiff, it still pulled to the right, but the clanking sound was no longer heard. Plaintiff attempted to contact Hendrick several times over the next several weeks, but Hendrick never returned any of his phone calls.
 

 Wendel was insured by Nationwide Mutual Fire Insurance Company ("Nationwide"). After Hendrick returned his vehicle to him for the second time, Plaintiff contacted Nationwide and requested that they reimburse him for the diminished value of his Land Rover. Nationwide made Plaintiff an offer of reimbursement, but Plaintiff did not believe that it was fair, and so he declined the offer.
 

 *455
 
 To determine the exact diminished value of his vehicle, Plaintiff took his vehicle to Michael Bradshaw at K&M Auto in Hickory, North Carolina. After inspecting Plaintiff's vehicle, Bradshaw determined that the Land Rover was not safe and "shouldn't be on the road." The vehicle had several issues that had either not been repaired or had been repaired improperly. Plaintiff left the vehicle at K&M Auto and contacted Nationwide to discuss these issues.
 

 It was at this time that Nationwide "made the decision to total loss the vehicle" and notified Plaintiff that he "would get paid the value of the vehicle in a couple of days." Nationwide produced a supplemental estimate of repair that included replacing the frame of the vehicle. This estimate, or the separate estimate prepared by Bradshaw, required that the vehicle be declared a total loss. However, Nationwide then represented to Plaintiff that they would need to have the vehicle inspected by a third-party to confirm that the frame of the vehicle did, in fact, need to be replaced. This inspection was never performed because Plaintiff backed out of the agreed-upon inspection.
 

 *811
 
 On 15 July 2014, Plaintiff filed suit against Defendant, Wendel, Hendrick, and Nationwide for damage done to his vehicle in the original collision, as well as damages related to the repair of his vehicle. Plaintiff asserted claims for negligence, fraud, negligent misrepresentation, civil conspiracy, tortious breach of contract, bad faith refusal to settle, and unfair and deceptive trade practices. Nationwide was dismissed as a defendant, and the claims against Wendel were ordered to be tried separately. Beginning on 9 November 2015, a jury trial was held on Plaintiff's claims against Defendant and Hendrick in Catawba County Superior Court before the Honorable Daniel A. Kuehnert.
 

 The jury returned a verdict against Defendant and Hendrick on 18 November 2015. The jury found Defendant guilty of fraud and negligence and awarded Plaintiff $200,000.00 in damages. Because civil conspiracy was not found by the jury, Hendrick was dismissed from the suit pursuant to the trial court's granting of its post-judgment motion to dismiss. On 20 November 2015, Defendant moved for judgment notwithstanding the verdict and a new trial. On 1 December 2015, Plaintiff filed a motion for costs and attorneys' fees.
 

 The trial court remitted the jury's verdict to $110,270.66 when it entered judgment on 28 December 2015. The trial court also found unfair and deceptive trade practices, and trebled the damages to $330,811.98. The trial court also awarded Plaintiff attorneys' fees pursuant to the North Carolina Motor Vehicle Repair Act in the amount of $100,725.00,
 
 *456
 
 as well as costs totaling $6,726.68. It is from this judgment that Defendant appeals.
 

 Analysis
 

 I.
 
 Expert Witness Testimony
 

 Defendant first argues on appeal that the trial court erred in allowing Plaintiff's expert to testify that Defendant did not "just accidentally miss all this damage" and that there was "motivation for not fixing the damaged areas" of the vehicle. Specifically, Defendant argues that this testimony should have been excluded as it "suggests whether legal conclusions should be drawn or whether legal standards are satisfied."
 
 HAJMM Co. v. House of Raeford Farms, Inc.
 
 ,
 
 328 N.C. 578
 
 , 587,
 
 403 S.E.2d 483
 
 , 489 (1991). We disagree, and affirm the trial court on this issue.
 

 It is well established that "the trial judge is afforded wide latitude of discretion when making a determination about the admissibility of expert testimony."
 
 State v. Bullard
 
 ,
 
 312 N.C. 129
 
 , 140,
 
 322 S.E.2d 370
 
 , 376 (1984). "Given such latitude, it follows that a trial court's ruling on the qualifications of an expert or the admissibility of an expert's opinion will not be reversed on appeal absent a showing of abuse of discretion."
 
 State v. McGrady
 
 ,
 
 232 N.C.App. 95
 
 , 98,
 
 753 S.E.2d 361
 
 , 365 (2014) (quoting
 
 Howerton v. Arai Helmet, Ltd.
 
 ,
 
 358 N.C. 440
 
 , 458,
 
 597 S.E.2d 674
 
 , 686 (2004) ),
 
 aff'd
 
 ,
 
 368 N.C. 880
 
 ,
 
 787 S.E.2d 1
 
 (2016). " 'Abuse of discretion results where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' "
 

 Id.
 

 (quoting
 
 State v. Hennis
 
 ,
 
 323 N.C. 279
 
 , 285,
 
 372 S.E.2d 523
 
 , 527 (1988) ).
 

 Rule 702(a) of the North Carolina Rules of Evidence provides that
 

 (a) If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if all of the following apply:
 

 (1) The testimony is based upon sufficient facts or data.
 

 (2) The testimony is the product of reliable principles and methods.
 

 *457
 
 (3) The witness has applied the principles and methods reliably to the facts of the case.
 

 Furthermore, pursuant to Rule 704 of the North Carolina Rules of Evidence, "[t]estimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Expert testimony is admissible if " 'the opinion expressed is really one based on the special expertise of the expert, that is, whether the witness because of his expertise is in a better position to have an opinion on the subject than is the trier of fact.' "
 

 *812
 

 State v. Lane
 
 ,
 
 365 N.C. 7
 
 , 27,
 
 707 S.E.2d 210
 
 , 223 (citing
 
 State v. Wilkerson
 
 ,
 
 295 N.C. 559
 
 , 568-69,
 
 247 S.E.2d 905
 
 , 911 (1978) ),
 
 cert. denied
 
 , --- U.S. ----,
 
 132 S.Ct. 816
 
 ,
 
 181 L.Ed.2d 529
 
 (2011).
 

 In the present case, Plaintiff's expert, Michael Bradshaw, had worked in the automobile collision repair industry for twenty-five years. As an automotive steel structural technician and as an estimator, Bradshaw had achieved the "platinum level" of the Inter-Industry Conference on Auto Collision Repair. He was recognized by Automotive Service Excellence as a certified collision repair technician and collision estimator. Also, he was certified by 17 different automobile manufacturers to provide collision repair for their vehicles. Mr. Bradshaw was tendered as an expert in automotive repair without objection, and was so admitted.
 

 Plaintiff's expert was asked, and answered in the negative, whether "any professional body tech [could] just accidentally miss all this damage." This testimony followed his expert opinion, which was not objected to, as to the obviousness of the damage to the vehicle. We find that this testimony was provided in response to a general question and assisted the jury in understanding the evidence before it. It did not address the intent or motivation of Defendant.
 

 Defendant also argues that the expert should not have been allowed to testify that there was "motivation for not fixing the damaged areas." However, this testimony did not address Defendant's motivations, but instead gave a general overview-based upon the witness' area of expertise-of why a body shop may not repair certain damage to a vehicle. Bradshaw explained different methods by which an automotive repair shop can bill for services and opined that the method used by Defendant could embolden a shop not to repair all of the damage to a vehicle.
 

 None of the testimony Defendant argues was improperly admitted invaded the province of the jury. Rather, it comprehensively assisted the jury in understanding the evidence and determining a fact in issue. "The
 
 *458
 
 [expert] witness may offer testimony in the form of an opinion or inference even though it may embrace the ultimate issue to be decided by the jury."
 
 State v. Huang
 
 ,
 
 99 N.C.App. 658
 
 , 663,
 
 394 S.E.2d 279
 
 , 283 (1990) (citation, quotation marks, and ellipses omitted).
 

 To prevail on this issue, Defendant must not only show that the challenged testimony was improperly admitted, but must also show that it was prejudicial. "In civil cases, the burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby."
 
 HAJJM
 
 ,
 
 328 N.C. at 589
 
 ,
 
 403 S.E.2d at 490
 
 (citation, quotation marks, and brackets omitted). As shown above, the challenged expert testimony was properly admitted and, therefore, whether this expert's testimony was prejudicial need not be addressed. The trial court did not err, and this assignment of error is overruled.
 

 II.
 
 Unfair and Deceptive Trade Practices
 

 Defendant argues in its second assignment of error that the trial court erred in denying its motion for judgment notwithstanding the verdict on Plaintiff's claim for unfair and deceptive trade practices. Defendant asks this Court to grant it a new trial because of the inconsistency between the basis for fraud pled in Plaintiff's complaint and the jury's rejection of this basis in their verdict. It contends that for this reason, Plaintiff's fraud claim cannot support the finding of unfair and deceptive trade practices. We disagree, and affirm the trial court's denial of Defendant's motion.
 

 A motion for a judgment notwithstanding the verdict is, fundamentally, the renewal of an earlier motion for a directed verdict.
 
 Henderson v. Traditional Log Homes, Inc.
 
 ,
 
 70 N.C.App. 303
 
 , 306,
 
 319 S.E.2d 290
 
 , 292 (1984). When a motion for judgment notwithstanding the verdict is brought, the issue is "whether the evidence is sufficient to take the case to the jury and to support a verdict for [the non-moving party]."
 

 Id.
 

 The evidence is to be considered in the light most favorable to the non-moving party, and the non-moving party is entitled to all reasonable inferences that can be
 
 *813
 
 drawn from that evidence.
 
 Smith v. Price
 
 ,
 
 315 N.C. 523
 
 , 527,
 
 340 S.E.2d 408
 
 , 411 (1986). "This is a high standard for the moving party, requiring a denial of the motion if there is more than a scintilla of evidence to support the non-movant's
 
 prima facie
 
 case."
 
 Ellis v. Whitaker
 
 ,
 
 156 N.C.App. 192
 
 , 195,
 
 576 S.E.2d 138
 
 , 140 (2003).
 

 N.C. Gen. Stat. § 75-1.1
 
 (a) (2015) states, in pertinent part, that "unfair or deceptive acts or practices in or affecting commerce [ ] are declared unlawful." Our Supreme Court has maintained that " '[i]n order
 
 *459
 
 to establish a
 
 prima facie
 
 claim for unfair trade practices, a plaintiff must show: (1) [the] defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff.' "
 
 Bumpers v. Cmty. Bank of N. Virginia
 
 ,
 
 367 N.C. 81
 
 , 88,
 
 747 S.E.2d 220
 
 , 226 (2013) (quoting
 
 Dalton v. Camp
 
 ,
 
 353 N.C. 647
 
 , 656,
 
 548 S.E.2d 704
 
 , 711 (2001) ).
 

 "While our Supreme Court has held that to succeed under G.S. 75-1.1, it is not necessary for the plaintiff to show fraud, bad faith, deliberate or knowing acts of deception, or actual deception, plaintiff must, nevertheless, show that the acts complained of possessed the tendency or capacity to mislead, or created the likelihood of deception."
 
 Overstreet v. Brookland, Inc.
 
 ,
 
 52 N.C.App. 444
 
 , 452-53,
 
 279 S.E.2d 1
 
 , 7 (1981). Moreover, while "[a] mere breach of contract, even if intentional, is not an unfair or deceptive act under Chapter 75[,]"
 
 Bob Timberlake Collection, Inc. v. Edwards
 
 ,
 
 176 N.C.App. 33
 
 , 42,
 
 626 S.E.2d 315
 
 , 323 (2006), "substantial aggravating circumstances attending the breach [may allow the plaintiff] to recover under the Act[.]"
 
 Branch Banking and Trust Co. v. Thompson
 
 ,
 
 107 N.C.App. 53
 
 , 62,
 
 418 S.E.2d 694
 
 , 700 (1992) (citation omitted).
 

 In the present case, evidence was presented, which when viewed in the light most favorable to Plaintiff, tended to show that Plaintiff had suffered damages due to Defendant's representations to him that his vehicle was repaired, when Defendant knew or should have known that it was not fully or properly repaired. Furthermore, the evidence tended to show that Defendant had also conducted unauthorized repairs to Plaintiff's vehicle. These actions by Defendant had the tendency or capacity to mislead or create the likelihood of deception. Additionally, these facts were ultimately found by the jury. Consequently, because more than a scintilla of evidence was presented establishing these facts, the trial court correctly denied Defendant's motion for judgment notwithstanding the verdict. Therefore, Defendant's arguments on this issue are overruled.
 

 III.
 
 Remittitur and New Trial
 

 Defendant next argues that it should also be granted a new trial because the jury's verdict indicates that they ignored the trial court's instructions on damages. It further argues that even the trial court's remittitur of damages was insufficient to uphold the verdict because it is unclear whether the jury's verdict included punitive damages and because the trial court's remittitur included items which were not recoverable as damages. Again, we disagree.
 

 *460
 
 Defendant asserts that the trial court should have granted its motion for a new trial pursuant to Rules 59(a)(5)-(7) of the North Carolina Rules of Civil Procedure which provide as follows:
 

 A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes or grounds:
 

 ....
 

 (5) Manifest disregard by the jury of the instructions of the court;
 

 (6) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;
 

 (7) Insufficiency of the evidence to justify the verdict or that the verdict is contrary to law[.]
 

 "Denial of a motion for a new trial pursuant to N.C.R. Civ. P. 59(a)(5) and (6) is reviewed for an abuse of discretion, while the sufficiency of the evidence to justify the verdict is reviewed under a de novo standard."
 
 Everhart v. O'Charley's Inc.
 
 ,
 
 200 N.C.App. 142
 
 , 160,
 
 683 S.E.2d 728
 
 , 742 (2009).
 

 "A jury is presumed to follow the court's instructions[,]" and we must therefore
 
 *814
 
 presume that the jury based its verdict on these instructions.
 
 Nunn v. Allen
 
 ,
 
 154 N.C.App. 523
 
 , 541,
 
 574 S.E.2d 35
 
 , 46 (2002). Defendant has presented no evidence, aside from the amount of the jury award, to show that the jury did not follow the instructions of the trial court. While "[t]he party seeking damages bears the burden of proving them in a manner that allows the fact-finder to calculate the amount of damages to a reasonable certainty ... proof to an absolute mathematical certainty is not required."
 
 State Properties, LLC v. Ray
 
 ,
 
 155 N.C.App. 65
 
 , 76,
 
 574 S.E.2d 180
 
 , 188 (2002).
 

 Here, Plaintiff presented evidence regarding the cost incurred for the storage of his damaged vehicle, his loss of the use of his vehicle, and the cost of renting a vehicle while his was unsafe to drive. Certainly Plaintiff should not recover a windfall of excess recovery, but, if fraud is proved-as the verdict here indicates-he must be allowed "a complete remedy."
 
 Tradewinds Airlines, Inc. v. C-S Aviation Servs.
 
 ,
 
 222 N.C.App. 834
 
 , 841,
 
 733 S.E.2d 162
 
 , 169 (2012) (citation omitted). " '[I]t is elementary that a plaintiff in a fraud suit has a right to recover an amount in damages which will put him in the same position as if the fraud had not been practiced on him.' "
 

 Id.
 

 (quoting
 
 *461
 

 Godfrey v. Res-Care, Inc.
 
 ,
 
 165 N.C.App. 68
 
 , 79,
 
 598 S.E.2d 396
 
 , 404 (2004) ). " 'Damages are compensation in money, in an amount so far is possible, to restore a respective plaintiff to his or her original condition or position[.]' "
 

 Id.
 

 (quoting
 
 Godfrey
 
 ,
 
 165 N.C.App. at 78-79
 
 ,
 
 598 S.E.2d at
 
 404 ). We are satisfied here that the trial court properly calculated the remittitur of damages to put Plaintiff in the same position he would have been in had he not been the victim of fraud, and, as a result, we affirm the trial court's denial of Defendant's motion for a new trial on this ground.
 

 IV.
 
 Attorneys' Fees
 

 In its final argument on appeal, Defendant asserts that the trial court erred in awarding attorneys' fees to Plaintiff pursuant to
 
 N.C. Gen. Stat. § 20-354.9
 
 (2015) for violation of the North Carolina Motor Vehicle Repair Act. This case was not tried under this Act and the jury was neither given instructions on nor asked to render a verdict on any cause of action related to this Act. Therefore, we reverse the trial court's award of attorneys' fees.
 

 "Because statutes awarding an attorney's fee to the prevailing party are in derogation of the common law, [these statutes] must be strictly construed."
 
 Sunamerica Financial Corp. v. Bonham
 
 ,
 
 328 N.C. 254
 
 , 257,
 
 400 S.E.2d 435
 
 , 437 (1991). Here, the statute under which the trial court awarded attorneys' fees states, in pertinent part: "Any customer injured by a violation of this Article may bring an action in the appropriate court for relief. The prevailing party in
 
 that action
 
 may be entitled to damages plus court costs and reasonable attorneys' fees."
 
 N.C. Gen. Stat. § 20-354.9
 
 (emphasis added).
 

 Rule 54(c) of the North Carolina Rules of Civil Procedure states, in pertinent part, that "[e]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
 

 [I]t is well-settled that adherence to the particular legal theories that are suggested by the pleadings is subordinate to the court's duty to grant the relief to which the prevailing party is entitled. It is equally well-settled, however, that the relief granted must be consistent with the claims pleaded and embraced within the issues determined at trial, which presumably the opposing party had the opportunity to challenge. Simply put, the scope of a lawsuit is measured by the allegations of the pleadings and the evidence before the court and not by what is demanded. Hence, relief under Rule 54(c) is always proper when it
 
 *462
 
 does not operate to the substantial prejudice of the opposing party. Such relief should, therefore, be denied when the relief demanded was not suggested or illuminated by the pleadings nor justified by the evidence adduced at trial.
 

 N.C. Nat. Bank v. Carter
 
 ,
 
 71 N.C.App. 118
 
 , 121-22,
 
 322 S.E.2d 180
 
 , 183 (1984) (internal citations omitted).
 

 Here, Plaintiff brought his case without reference to, or reliance upon, the North Carolina Motor Vehicle Repair Act. Neither
 
 *815
 
 his pleadings nor his evidence at trial gave any indication that he was relying on this Act to remedy his loss. It is thus axiomatic that he may not recover any remedy provided for by this Act. Therefore, the trial court's grant of attorneys' fees based upon the Motor Vehicle Repair Act must be reversed.
 

 Conclusion
 

 In conclusion, the trial court properly allowed Plaintiff's expert witness to testify at trial. Furthermore, the trial court did not err in finding unfair and deceptive trade practices or in denying Defendant's motion for a new trial. These rulings of the trial court are consequently affirmed. The granting of attorneys' fees based upon the North Carolina Motor Vehicle Repair Act, however, is reversed.
 

 AFFIRMED IN PART; REVERSED IN PART.
 

 Chief Judge McGEE and Judge BRYANT concur.
 

 [1]
 

 City Chevrolet Automotive Company is the only defendant which is a party to the present appeal.