**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-1861**

———————

TIMOTHY S. HADLEY,

       Plaintiff - Appellant,

    v.

DUKE ENERGY PROGRESS, LLC; GLENDA SUE HARDISON; RICHARD MONTGOMERY,

       Defendants – Appellees,

    and

CAROLINA POWER AND LIGHT COMPANY; PROGRESS ENERGY CAROLINAS, INC.; PROGRESS ENERGY, INC.; PROGRESS ENERGY SERVICE COMPANY, LLC; PROGRESS VENTURES, INC.; DUKE ENERGY CORPORATION; DUKE ENERGY CAROLINAS, LLC,

       Defendants.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:14-cv-00229-D; 5:14-cv-00387-D)

———————

Submitted: January 25, 2017      Decided: February 7, 2017

———————

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy S. Hadley, Appellant Pro Se. Jonathan Travis Hockaday, Isaac Augustin Linnartz, SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP, Raleigh, North Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy S. Hadley appeals the district court orders granting the Appellees' motion for summary judgment and dismissing his complaint, and denying his motion to alter or amend the judgment. He contends that (1) he made a protected disclosure under the American Recovery and Reinvestment Act of 2009 (ARRA), Pub. L. No. 111-5, 123 Stat. 115, 297; (2) his internal complaint was a protected activity under the North Carolina Retaliatory Employment Discrimination Act (REDA), N.C. Gen. Stat. § 95-241 (2013); and (3) he was wrongfully discharged in violation of North Carolina public policy.* We affirm.

We review de novo a district court's grant of summary judgment. Reyazuddin v. Montgomery Cty., 789 F.3d 407, 413 (4th Cir. 2015). A court must grant summary judgment for the moving party when that party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party has the initial burden of showing that it is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment for the moving party is appropriate when the nonmoving

---

* Hadley also argues on appeal that his reassignment and subsequent termination of employment were contributing factors in his ARRA whistleblower claim. We do not reach this argument because, as explained below, Hadley has not shown that he made a protected disclosure.

3

party has the burden of proof on an essential element of its case and does not make, after adequate time for discovery, a showing sufficient to establish that element. Id. at 322-23.

We review for an abuse of discretion the denial of a Rule 59(e) motion. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).

To prevail under ARRA's whistleblower provision, a plaintiff must show by a preponderance of the evidence that he made a protected disclosure, he suffered a reprisal, and the protected disclosure was a contributing factor in the reprisal. ARRA § 1553(a), (c)(1)(A). If the plaintiff proves these elements, the employer can rebut the claim by showing, through clear and convincing evidence, that the employer "would have taken the action constituting the reprisal in the absence of the disclosure." ARRA § 1553(c)(1)(B).

When the disclosure concerns mismanagement or waste of ARRA funds, the plaintiff must "reasonably believe[]" that the misconduct was "gross." ARRA § 1553(a)(1)-(2); see White v. Dep't of Air Force, 391 F.3d 1377, 1382 (Fed. Cir. 2004) (interpreting analogous provision in Whistleblower Protection Act). This "reasonabl[e] belie[f]" requires demonstrating both objective and subjective belief. See Livingston v. Wyeth, Inc., 520 F.3d 344, 352 (4th Cir. 2008) (analyzing analogous Sarbanes-Oxley Act provision). Mismanagement is "gross" when it is so serious that

4

"a conclusion the [employer] erred is not debatable among reasonable people." White, 391 F.3d at 1382.

After reviewing the record, we conclude that Hadley has not put forward evidence objectively allowing a reasonable person to conclude there was evidence of gross mismanagement or waste. Thus, Hadley has not shown that he made a protected disclosure. See ARRA § 1553(a); Livingston, 520 F.3d at 352; White, 391 F.3d at 1382. Consequently, Hadley's ARRA whistleblower claim fails.

Next, REDA prohibits retaliation against an employee who "in good faith does or threatens to . . . [f]ile a claim or complaint, initiate any inquiry, investigation, inspection, proceeding or other action, or testify or provide information to any person with respect to . . . [the North Carolina Wage and Hour Act]." N.C. Gen. Stat. § 95-241(a), (a)(1)(b).

The Supreme Court of North Carolina has not ruled whether an internal complaint is a protected activity under REDA. "Because North Carolina currently has no mechanism for us to certify questions of state law to its Supreme Court," we "must follow the decision of an intermediate state appellate court unless there is persuasive data that the highest court would decide differently." Town of Nags Head v. Toloczko, 728 F.3d 391, 398 (4th Cir. 2013) (internal quotation marks omitted).

In Pierce v. Atlantic Group, Inc., 724 S.E.2d 568, 574-75 (N.C. Ct. App. 2012), the Court of Appeals of North Carolina

5

adopted the reasoning of several federal district court opinions and ruled that while REDA does not require filing a formal claim, it does require more than simply complaining to a manager. The court noted that in the case before it, there was no evidence of an investigation into the employer's practices, and the plaintiff spoke only to his supervisors, which was not sufficient to "constitute the initiation of an inquiry pursuant to N.C. Gen. Stat. § 95–241(a)." Id. at 575. Although Hadley is correct that we ruled otherwise in Minor v. Bostwick Laboratories, Inc., 669 F.3d 428, 438 (4th Cir. 2012), with respect to internal complaints under the Fair Labor Standards Act, Pierce is directly on point, and Hadley has not presented evidence suggesting that the North Carolina Supreme Court would rule contrary to Pierce. See Toloczko, 728 F.3d at 398. Thus, we must follow Pierce, and consequently, Hadley has failed to show that he is entitled to relief under REDA.

Finally, North Carolina recognizes a narrow public-policy exception to the general doctrine of at-will employment. Coman v. Thomas Mfg. Co., 381 S.E.2d 445, 447 (N.C. 1989). To prevail on a claim of wrongful discharge in violation of North Carolina public policy, a plaintiff must identify and rely on a specific North Carolina statute or constitutional provision and may not rely solely on a federal law. Whiting v. Wolfson Casing Corp., 618 S.E.2d 750, 753 (N.C. Ct. App. 2005); Coman, 381 S.E.2d at 449;

6

see e.g., <u>McDonnell v. Guilford Cty. Tradewind Airlines, Inc.</u>, 670 S.E.2d 302, 306 (N.C. Ct. App. 2009).

We conclude Hadley has not articulated any specific North Carolina public policy. An alleged failure to comply with certain ARRA grant terms is, at most, a breach of contract and is insufficient to constitute a violation of North Carolina public policy. <u>See</u> <u>Garner v. Rentenbach Constructors Inc.</u>, 515 S.E.2d 438, 441 (N.C. 1999).

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>